(No. 31833

The People of the State of Illinois, Defendant in Error, vs. William A. Sproch, Plaintiff in Error.

*Opinion filed March 22, 1951.*

Miles E. Cunat, (Charles A. Bellows, of counsel,) both of Chicago, for plaintiff in error.

Ivan A. Elliott, Attorney General, of Springfield, and John S. Boyle, State's Attorney, of Chicago, (John T. Gallagher, Rudolph L. Janega, Arthur J. Manning, William J. McGah, Jr., and John V. Schaffenegger, all of Chicago, of counsel,) for the People.

Mr. Justice Crampton delivered the opinion of the court:

The defendant, William A. Sproch, was indicted in the criminal court of Cook County for the crime of rape. He was tried by the court without a jury, found guilty, and sentenced to the penitentiary for a term of twenty years. He prosecutes this writ of error, contending that the evidence of identification is insufficient to support the judgment.

On the afternoon of May 23, 1949, the prosecuting witness was indisposed and in bed in her room at the hotel where she resided. About one o'clock she heard the sound of a key in the door and observed a man in the partly opened door. He had a handkerchief covering the lower

part of his face. She jumped out of bed, but before she could close the door he had entered the room. When he pushed her back on the bed she screamed, and a struggle ensued during which he succeeded in tying her hands with his necktie and forcing a handkerchief into her mouth. The intruder then removed his clothing and had sexual intercourse with prosecutrix against her will. When he undressed she noticed that his left leg was crippled and smaller than the other, that his arms were tattooed, and that he had an adhesive patch on the left arm at the bend of the elbow. During all the time he was in the room he kept addressing her as "Betty" and asking her if she knew the Duke and Duchess. It was almost two o'clock when the intruder left.

Prosecutrix thereupon summoned the occupant of an adjoining room, who called the room clerk. The police later arrived, and prosecutrix, who was badly bruised and beaten, described what had happened. She then went to a hospital, where she remained for three days. On the day she left the hospital she went to a police station and identified defendant, who was lined up with seven or eight other men. She testified that when she entered the room defendant was standing with his back toward her; that she then knew he was the one who had attacked her; and that when he turned around and looked at her she was positive of the identity. On cross-examination she testified that she had taken some narcotics at the hospital that morning, and that she was feeling upset.

Another witness testified that she was employed as a maid at the hotel; that on May 23, 1949, at two o'clock P.M., as she was cleaning a room about fifty feet distant from that of the prosecuting witness, she saw a man hurriedly pass the door; that he saluted her with his hand between his face and her, and looked in the door for an instant; and that as she watched him walk down the hall she noticed that he was crippled and wore no hat. She

further testified she identified defendant, as he stood with his back toward her at the police station, as the man she had seen in the hall.

It is not disputed that on the morning of May 23 defendant had visited a "blood bank," where a pint of blood was taken from his left arm and the usual pressure bandage applied; that when he was examined by police officers a few days later he had an abrasion on the index finger of his left hand, small scratches on his face, tattoo marks on both arms, including the tattooed name "Duke," and a crippled and scarred left leg.

Defendant testified in his own behalf that after he left the blood bank on the morning of May 23 he visited one bar after another drinking beer and whiskey, and continued to do so off and on until ten o'clock that evening when he found himself on a bus headed toward his home. He further testified that he could not remember where he was drinking after 12:30 P.M.; that he did not go to the hotel in question, although he admitted having been there on a prior occasion when he visited a friend who had a room there; that he had never seen the prosecuting witness prior to May 26, when he saw her at the police station, and did not rape or molest her; and that the scratches on his face were made by a razor while he was shaving. No evidence other than his own testimony was introduced for defendant.

There is nothing in this record to afford support for defendant's claim that he was not sufficiently proved to be the perpetrator of the offense. The fact that the prosecuting witness and the hotel maid first identified him when his back was turned to them does not detract from their testimony, which was clear and positive in establishing defendant's identity as the man who committed the crime. Both had ample opportunity to observe him, and their identification was timely and certain. In addition, the facts that defendant had a crippled left leg and walked with a

limp, that he had a pressure bandage placed on his left arm the morning of the day in question, and that his face showed scratches when he was arrested, leave no room for doubt that he was the intruder. Moreover, the only evidence offered by defendant as to his whereabouts at the time of the offense is his own testimony, which itself is not convincing. The testimony of one credible witness, if positive, is sufficient to convict, even though contradicted by the accused. Where it is corroborated by other evidence the identification is clearly adequate to justify a conviction. (*People* v. *Thompson,* 406 Ill. 555.) A positive identification may be sufficient even though the witnesses do not observe the accused under highly favorable conditions, and the latter produces evidence of an alibi. (*People* v. *Maffioli,* 406 Ill. 315.) Here, the circumstances under which defendant was observed were favorable, and his testimony as to an alibi was uncorroborated and unconvincing. We conclude that the evidence of identification in this record is clearly sufficient to support the conviction, and the judgment is accordingly affirmed. *Judgment affirmed.*