**Donald BOWMAN, Appellant,**

v.

**Ralph W. ALVIS, Warden, Ohio State Penitentiary, Appellee.**

**No. 12442.**

United States Court of Appeals
Sixth Circuit.

June 10, 1955.

Julio E. Nunez, Asst. U. S. Atty. for Southern Dist. of N. Y., New York City (J. Edward Lumbard, U. S. Atty., on the brief), for plaintiff-appellee.

Robert Mitchell, New York City, for defendant-appellant.

Before CLARK, Chief Judge, and MEDINA and HINCKS, Circuit Judges.

James G. Andrews, Jr., Cincinnati, Ohio, for appellant.

C. William O'Neill, Atty. Gen., Roger B. Turrell, Asst. Atty. Gen., Columbus, Ohio, for appellee.

Before MARTIN, MILLER and STEWART, Circuit Judges.

PER CURIAM.

In this case, Donald Bowman, a convict now confined in the Ohio State Penitentiary, has appealed from an order entered by the United States District Court for the Southern District of Ohio denying his petition for habeas corpus. He has filed in this court numerous petitions, motions, briefs, and various assorted documents, including his application to the Governor of Ohio for pardon.

All the pleadings, documents, and communications which appellant-petitioner has presented have been duly considered and found to be without merit in support of his appeal. This court previously has held that appellant had exhausted all his state remedies and was, therefore, entitled to a hearing in the United States District Court on his application for habeas corpus. District Judge Cecil accorded him the benefit of a fair and adequate hearing, following which findings of fact and conclusions of law were appropriately filed by the judge, wherein the conclusion was reached that appellant had been properly tried, convicted and sentenced in the Common Pleas Court of Richland County, Ohio; and that, in habeas corpus proceedings, the United States District Court determines only the question of legality of confinement and does not consider whether or not there were errors committed in the original trial of the case.

On this appeal, it appears that appellant actually is seeking a remedy which could have been sought only by direct appeal. This embraces the proposition that he was convicted upon evidence erroneously admitted. This court and other federal courts have held many times that application for habeas corpus may not be employed in lieu of an appropriate review by writ of error or appeal. See Goss v. United States, 6 Cir., 179 F.2d 706. This principle is so well settled as to require no citation of authority.

In our opinion, the judgment of the district court should be affirmed and the appeal dismissed; and it is so ordered.