UNITED STATES of America ex rel. Reinhold LANGER, Appellant,

v.

Joseph E. RAGEN, Warden, Illinois State Penitentiary, Joliet, Illinois, Appellee.

No. 11789.

United States Court of Appeals Seventh Circuit.

Nov. 1, 1956.

828

Reinhold Langer, Joliet, Ill., for appellant.

Latham Castle, Atty. Gen., William C. Wines, Raymond S. Sarnow, A. Zola Groves, Asst. Attys. Gen., of counsel, for appellee.

Before DUFFY, Chief Judge, and LINDLEY and SCHNACKENBERG, Circuit Judges.

LINDLEY, Circuit Judge.

After being convicted in the Illinois criminal court of an assault with intent to commit murder, petitioner filed a petition for relief from the judgment under the Illinois Post-Conviction Remedies Act, Ill.Rev.Stat.1955, Chap. 38, ¶¶ 826–832. This was denied and the judgment approved on writ of error, by the Supreme Court of Illinois. The Supreme Court of the United States having denied a writ of certiorari, 350 U.S. 864, 76 S.Ct. 107, petitioner filed his application in the district court for a writ of habeas corpus, which, upon motion of the Attorney-General for the State of Illinois, was dismissed. A certificate of probable cause having issued, petitioner appeals.

In his post-conviction petition petitioner contended that his conviction was in violation of his constitutional rights in that he had been arrested without a warrant, physically mistreated, deprived of necessary medical treatment, following his arrest, and unlawfully removed to Illinois and then returned to Indiana; that the trial court had improperly admitted certain evidence and given an improper instruction to the jury; that the state had knowingly used perjured testimony to convict him; that the state's attorney's argument to the jury was improper and prejudicial, and that the trial judge was prejudiced.

The Supreme Court of Illinois held that the averment that the trial judge was prejudiced, was insufficient. Of the remaining charges, the court said, that only the one to the effect that the state had knowingly employed perjured testimony presented any substantial constitutional question; that this averment was based entirely upon the fact that conflicting testimony appeared in

the transcript of the proceedings, and that the fact that the testimony was conflicting furnished no support whatever for petitioner's charge that the state had knowingly made use of perjured testimony. Finding no merit in petitioner's petition the writ of error was denied. And, as we have observed, certiorari was denied by the Supreme Court.

■ It is upon this record that petitioner grounds his claim that he has exhausted all remedies available to him in the State of Illinois and that he is, therefore, entitled to invoke the jurisdiction of the United States District Court in an application for habeas corpus. In his petition, in addition to the grounds enumerated in the one he filed under the Illinois Post-Conviction Act, he avers that he was misrepresented by counsel and that articles were obtained from him by illegal search. From the record before us we find no trace of either of these points mentioned in his petition for relief under the Illinois Act. As to these, then, the petitioner has never before asserted or exhausted his remedies; they are plainly in addition to the matters upon which he has had review; they have never been considered by the state court. In such a situation, the exhaustion of remedies does not extend to new points urged for the first time in the application for habeas corpus. As we said, in United States ex rel. Lilyroth v. Ragen, 7 Cir., 222 F.2d 654, at page 656: "To present one case to the state courts without success, followed by the presentation of another case to the federal courts, does not meet the requirement that he exhaust his remedies in the state courts before seeking release by habeas corpus in the federal district court." Consequently, the trial court, at the most, had jurisdiction to examine and determine only the federal questions as to which petitioner has exhausted his remedies in the state court, namely, those enumerated above as having been reviewed by the Supreme Court of Illinois. Consequently, our determination must be limited to a decision of whether any of the grounds urged in his post-conviction petition were sufficient to justify entertainment of jurisdiction by the district court.

■ The facts as averred by petitioner and accepted as true, amount to a claim that he was illegally arrested in Indiana, illegally removed from that state to Illinois, and illegally returned to Indiana. It does not appear that any of these allegations affected in the slightest degree the constitutional fairness of his later trial in the criminal court of Illinois. The alleged events occurred, of course, prior to the beginning of the trial. The Supreme Court commented, in Frisbie v. Collins, 342 U.S. 519, at page 522, 72 S.Ct. 509, at page 511, 96 L.Ed. 541, that it had never departed from the rule announced in Ker v. Illinois, 119 U.S. 436, 444, 7 S.Ct. 225, 30 L.Ed. 421, that the power of a court to try a person for crime is not impaired by the fact that he has been brought within the court's jurisdiction by reason of a "forcible abduction." The court proceeded, 342 U.S. at page 522, 72 S.Ct. at page 511: "No persuasive reasons are now presented to justify overruling this line of cases. They rest on the sound basis that due process of law is satisfied when one present in court is convicted of crime after having been fairly apprised of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will." It follows that petitioner's averments as to unlawful arrest and removal and physical mistreatment all of which occurred prior to the trial and did not enter in any way into his conviction, are wholly beside the point. The court had no right to grant relief because of them. See also Lisenba v. People of State of California, 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166. What we have said disposes of defendant's contentions that he was wrongfully arrested without warrant; that he was deprived of necessary medi-

cal treatment, and that he was unlawfully taken from Illinois to Indiana and vice versa.

■ Concerning the averment that the state knowingly used perjured testimony to convict him, we agree with the Supreme Court of Illinois that that allegation is a conclusion of petitioner resulting from his mere statement that the evidence upon which he was convicted was conflicting. There are no allegations of fact concerning the alleged perjury; the only averment in this respect is that perjured testimony was used. There was nothing in the petition to justify the district court in taking jurisdiction upon this ground.

■ Obviously, whether the trial court improperly admitted certain evidence or gave improper instructions to the jury are procedural questions for the state court's determination, involving no federal rights. The same is true of his assertion that the state's attorney's argument to the jury was improper and prejudicial. The extent to which prosecuting officers may go in argument in criminal trials is a matter of discretion for the trial court. Here, both that court and the Supreme Court of Illinois have ruled against petitioner. Furthermore, there is nothing in these contentions involving in any way any federal question. In other words, all of the questions submitted to the district court as to which he had exhausted his state remedies were decided by the Illinois Supreme Court in a manner with which we agree and involve no federal constitutional rights.

■ If it be suggested that the district court had jurisdiction to determine whether petitioner was improperly represented by counsel, again we can find nothing in his averments infringing in any way his constitutional rights. The Constitution of the United States provides that one charged with crime is entitled to be represented by counsel of his own choice. Const. Amend. 6. The record discloses that petitioner here was represented by counsel whom he himself chose. If the one he employed was false to him, his remedy must be found in some place other than in a petition for writ of habeas corpus. Otherwise, obviously, any applicant for relief from custody as a result of state conviction, would need only to aver and prove that he had hired a lawyer who had betrayed him. Such is not ground for decision that a constitutional right has been violated.

The judgment is affirmed.