**UNITED STATES of America, ex rel. Everett James PECKHAM, Plaintiff-Appellant,**

v.

**Joseph E. RAGEN, Warden of the Illinois State Penitentiary at Joliet, Illinois, Defendant-Appellee.**

**No. 11872.**

United States Court of Appeals Seventh Circuit.

Feb. 20, 1957.

---

Ernst Liebman, Chicago, Ill., for appellant.

Latham Castle, Atty. Gen. of the State of Illinois, William C. Wines, Asst. Atty. Gen., Francis X. Riley, Chicago, Ill., Raymond S. Sarnow, A. Zola Groves, Edward M. White, Asst. Attys. Gen., of counsel, for appellee.

Before DUFFY, Chief Judge, and MAJOR and SWAIM, Circuit Judges.

MAJOR, Circuit Judge.

Relator, on January 15, 1953, was convicted in the Criminal Court of Cook County, Illinois, of the crime of robbery and as a result of such conviction is now confined in the Illinois penitentiary. The instant proceeding was in-stituted by the filing of a petition for writ of habeas corpus which was dismissed by order of the District Court entered June 4, 1956. The court filed a memorandum opinion showing that the dismissal was because of a failure to show an exhaustion of state court remedies. The appeal comes to this court from such order.

■ For a reason subsequently to be disclosed, we see no point in entering into a detailed discussion of the remedies sought and pursued by relator in the state courts. It is sufficient to note that on or about May 21, 1954, relator filed a petition in the Criminal Court of Cook County for a post-conviction hearing pursuant to Chapter 38, paragraph 826, et seq. of the Illinois Revised Statutes, 1953. This petition alleged a violation of certain constitutional rights. Hearing on the petition, after a number of continuances, was had and a decision rendered on November 23, 1954, adverse to relator. On review, the Illinois Supreme Court by order (not published) affirmed the action of the Criminal Court. The Supreme Court of the United States denied a motion for leave to file petition for writ of certiorari out of time. 350 U. S. 859, 76 S.Ct. 110, 100 L.Ed. 763. The District Court reasoned on the strength of Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761, that there was a failure to exhaust state court remedies because of relator's neglect to make timely application to the Supreme Court of the United States for a review of the decision of the Illinois Supreme Court. We think the Darr case supports that reasoning.

■ Respondent in further support of the order under attack points out that the relator advances contentions in this court different from those presented to the Illinois Supreme Court. Under such circumstances, it is argued that there was a failure to exhaust state court remedies under the decision of this court in United States ex rel. Lilyroth v. Ragen, 7 Cir., 222 F.2d

654. Relator here strongly relies upon the contention that as an indigent person he was entitled to be furnished by the State, at his post-conviction hearing in the state court, a transcript of the trial proceedings in which he was convicted, as well as a transcript of other proceedings had prior to his trial, which the State refused or neglected to furnish. It is asserted by the State that no such contention was made before the Illinois Supreme Court. In support thereof, it is pointed out that the order of that court enumerates the contentions there advanced but makes no mention of the contention relative to the furnishing of a transcript. In our view, we do not need to resolve any doubt which may exist on this score.

On April 23, 1956, the Supreme Court decided Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891. In that case it was held that the failure of the State to furnish an indigent person with a transcript essential to appellate review was a violation of the Due Process and Equal Protection Clause of the Federal Constitution. Const. Amend. 14.

In response to the Griffin decision, the Illinois Supreme Court, on June 19, 1956, adopted Rule 65-1, effective September 26, 1956 (Supreme Court Rules, Smith-Hurd Illinois Annotated Statutes, Chap. 110, Sec. 101.65–1). The rule provides: "Any imprisoned person, sentenced prior to April 23, 1956, may file, on or before March 1, 1957, in the court in which he was convicted, a petition requesting that he be furnished with a stenographic transcript of the proceedings at his trial." The rule further provides that a copy of the petition be served upon the State's Attorney, who has twenty days to answer. The rule provides that the court shall direct the court reporter to transcribe the original proceedings without charge to the defendant if, upon consideration of the petition and answer, the court finds "(a) that the petitioner was at the time of his conviction and is at the time of filing the petition without financial means to pay for the cost of a stenographic transcript of the proceedings at his trial, and (b) that a stenographic transcript of the proceedings at his trial, (or an appropriate portion thereof), is necessary to present fully the errors recited in the petition * * *." The rule further provides that the cost of such transcript shall be paid out of the state treasury.

Relator having been sentenced prior to April 23, 1956, is now and has been since September 26, 1956, provided with a means by which he can obtain a transcript without cost and by which he can obtain a review of the proceedings in which he was convicted and as a result of which he is now imprisoned. It should be kept in mind, of course, that by the terms of the rule the application for the transcript must be made to the state court "on or before March 1, 1957."

We think the court's ruling on relator's petition for habeas corpus was proper under the circumstances existing at the time of its dismissal. However, any doubt on that score has been eliminated by the subsequent action of the Illinois Supreme Court which has afforded relator a means by which he can obtain a transcript, thereby enabling him to test in the Illinois courts the legality of his imprisonment.

The court appreciates the services rendered on this appeal by Mr. Ernst Liebman, court-appointed counsel.

The order appealed from is

Affirmed.