UNITED STATES of America, ex rel. William A. SPROCH, Petitioner-Appellant,

v.

Joseph RAGEN, Warden, Illinois State Penitentiary, Respondent-Appellee.

No. 11793.

United States Court of Appeals Seventh Circuit.

July 3, 1957.

Roy B. Schneider, Jr., Chicago, Ill., for appellant.

Latham Castle, Atty. Gen., Theodore G. Maheras, Asst. Atty. Gen., for appellee, William C. Wines, Raymond S. Sarnow, A. Zola Groves, Asst. Attys. Gen., of counsel.

Before LINDLEY and SCHNACKENBERG, Circuit Judges, and BRIGGLE, District Judge.

LINDLEY, Circuit Judge.

The relator, prisoner of the State of Illinois, appeals from a judgment of the district court dismissing, without hearing, his application for a writ of habeas corpus, a voluminous and repetitious petition. In view of the fact that he was then acting *pro se*, we do not hold him to the usual standards of pleading, or to the niceties of a correct legal presentation of his claim. Consequently, we treat his petition with indulgence.

We keep in mind certain accepted rules. Thus, averments of a petition for a writ of habeas corpus well pleaded, if sufficient to constitute a valid complaint of violation of federal constitutional rights, and if state remedies have been exhausted, necessitate a hearing. Williams v. Kaiser, 323 U.S. 471, 65 S.Ct. 363, 89 L.Ed. 398; Jennings v. Illinois, 342 U.S. 104, 72 S.Ct. 123, 96 L.Ed. 119. On the other hand, an application for habeas corpus may not be successfully employed in lieu of appeal or appropriate review by writ of error. Bowman v. Alvis, 6 Cir., 224 F.2d 275. And, obviously, a state prisoner cannot properly invoke the writ unless it appears that he is in custody in violation of the Constitution of the United States. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469; Thomas v. Eyman, 9 Cir., 235 F.2d 775, at page 777.

Relator's first contention, stated as tersely as possible under his repetitious averments, is that he was falsely arrested by state authorities, subjected to an illegal search and seizure, falsely imprisoned prior to trial, subjected to third degree interrogation, and held in a state of incommunicado. Obviously all of these matters preceded his trial and had nothing to do with the question of which we have jurisdiction, that is, the fairness of the hearing. Thus we held, in United States ex rel. Langer v. Ragen, 7 Cir., 237 F.2d 827, that we would not inquire into the facts preceding the trial, but that the only pertinent question was whether the prisoner received a fair trial. There the

applicant had complained of illegal arrest and removal from one state to another. We quoted from the Supreme Court decision in Frisbie v. Collins, 342 U.S. 519, at page 522, 72 S.Ct. 509, at page 511, 96 L.Ed. 541. After commenting that it had never departed from the rule announced in Ker v. Illinois, 119 U.S. 436, 444, 7 S.Ct. 225, 30 L.Ed. 421, that the power of a court to try a person for crime is not impaired by the fact that he has been brought within the court's jurisdiction by reason of a "forcible abduction," the Court proceeded, 342 U.S. at page 522, 72 S.Ct. at page 511: "No persuasive reasons are now presented to justify overruling this line of cases. They rest on the sound basis that due process of law is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will." It follows that petitioner's averments as to unlawful arrest and removal and physical mistreatment, all of which occurred prior to the trial, are wholly beside the point. Only if some of these acts are shown to have resulted in action in the trial court which violated the federal Constitution, can the district court or this court take cognizance of them.

The relator further averred that he was denied due process of law at the trial in that the state knowingly "used" perjured testimony; that he was forced to make a confession; and that court-appointed counsel failed to represent him adequately.

The essential facts are that petitioner was indicted in the Criminal Court of Cook County, Illinois, for the crime of rape, tried by the court without a jury found guilty and sentenced to imprisonment. See People v. Sproch, 409 Ill. 55, 97 N.E.2d 833. After having been sentenced, he employed counsel of his own choice, who obtained writ of error from the Supreme Court of Illinois, resulting in affirmance of his conviction. Thereafter he filed a petition for relief under the Post-Conviction Law of Illinois, S.H.A.Ill., ch. 38, § 826 et seq., which was denied. Upon writ of error, the Supreme Court of Illinois affirmed the dismissal. The Supreme Court of the United States denied certiorari. He then filed a petition for a writ of habeas corpus in the Circuit Court of Will County, Illinois. That, too, was denied. Though that judgment was not appealable, he makes no showing that he attempted to have it reviewed by the Supreme Court on certiorari.

Upon the question of exhaustion of state remedies, as we have observed, there has been no application for writ of certiorari to review the decision of the Circuit Court of Will County denying the prisoner's application for writ of habeas corpus. That fact, of itself, destroys the verity of his averment that he has exhausted state remedies. Irrespective of whether the order mentioned was appealable to the Supreme Court of Illinois, he had, by repeated decisions, the right to ask for certiorari in the Supreme Court of the United States, if a federal question was involved in his State application.

However, there is another potent reason why we are unable to say that he has exhausted his state remedies. We are not informed as to whether the same complaints as to violation of federal constitutional rights were included in the petition for relief under the Illinois Post-Conviction Law. The present application does ont advise us as to what points were there presented. We have held that exhaustion of state remedies does not occur unless the points urged in the Federal District Court have been presented to the state court. Thus, we said, in United States ex rel. Lilyroth v. Ragen, 7 Cir., 222 F.2d 654, at page 656: "To present one case to the state courts without success, followed by the presentation of another case to the federal courts, does not meet the requirement

that he exhaust his remedies in the state courts before seeking release by habeas corpus in the federal district court." The burden of proof being upon petitioner to show that he had exhausted his state remedies, it follows that it was necessary to show also that he raised in the post-conviction proceedings the issues which he raised in his application for habeas corpus in the district court, insofar as he alleged violation of federal rights. His petition is sorely lacking in that respect. We cannot assume that the state court has had the opportunity to pass upon the alleged violations of the Federal Constitution. Of course, the state courts are under an obligation, as much as are the federal courts, to enforce and protect rights under the Constitution. Consequently, before the district court has jurisdiction, it must be shown that the same averments of violation of federal constitutional rights have been presented previously to the state courts. See U. S. ex rel. Peckham v. Ragen, 7 Cir., 241 F.2d 318, and Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761. For these reasons alone we think the judgment must be affirmed.

■■ However, in view of the prolonged litigation in which the prisoner has been engaged, we give attention to the contentions he now presents, and to their sufficiency as averments of violation of rights. The first of these is that he was inadequately represented in the trial court. In this connection it must be remembered that in Illinois, for anything other than a capital offense, a defendant is not entitled as a matter of right, to counsel, except under rare circumstances. This both parties admit. There is no showing of such circumstances here. Moreover, the court did appoint counsel, the public defender. This gentleman, petitioner's counsel concedes, was a trial attorney in criminal cases of high professional repute. We cannot assume, upon an averment of mere conclusions, that such counsel did not adequately represent defendant. In the absence of an appointment of counsel he would have had to try his case himself. He did not demand counsel. He did not produce counsel of his own choice. Consequently, the court, out of an abundance of care for the prisoner's rights and in the exercise of its discretion, appointed counsel, even though defendant was not entitled to such representation. The averments in this respect are not of such positive facts as would justify any court in saying that petitioner has made a *prima facie* case of misrepresentation by counsel, or that he had any right to counsel.

We have observed that it is beyond the point here to inquire as to what occurred prior to the trial except insofar as it may have affected the fairness of the same. The allegation that his trial was prejudiced lies in a claim that he was coerced into a confession. But there is no averment that the confession was untrue or that it was ever made a part of the record. In view of the absence of such averments, the petition was inadequate in this respect.

■ There remains the complaint that perjured testimony was "used." The relator does not aver that this use occurred by the connivance of the court, counsel or State's Attorney, but states, merely as a conclusion, that perjured testimony was used. Upon analysis of his claim in this respect, however, we find that he refers to nothing as perjured except the testimony of the prosecuting witness who said she had been raped, and that of another witness, who corroborated her story. All his statements as to perjury break down into an assertion that the testimony of these two women was so incredible, so preposterous, as to be unworthy of belief. Obviously, this is merely an attack upon the credibility of the witnesses. His argument is that their identification of him as the assailant was wholly unbelievable and was, therefore, perjured. This attack upon this testimony was submitted to the Supreme Court of Illinois in the review of his conviction, by counsel of his own choice. That court, in disposing of the contentions, People v. Sproch, 409 Ill. 55, 97 N.E.2d 833, after

discussing at length the sordid details brought out in the trial, passed specifically upon defendant's assertion that the testimony of identification was too preposterous to be believed. The court considered this at length and concluded (409 Ill. at page 58, 97 N.E.2d at page 834): "* * * the circumstances under which defendant was observed were favorable, and his testimony as to an alibi was uncorroborated and unconvincing. We conclude that the evidence of identification in this record is clearly sufficient to support the conviction, and the judgment is accordingly affirmed."

The situation is akin to that in United States ex rel. Brogan v. Martin, 3 Cir., 238 F.2d 236, at page 237, where the court said: "All that is asserted is that the evidence was not sufficient to sustain the relator's conviction. While this contention might have been raised on a motion for a new trial or on an appeal from the conviction it does not raise a question of the essential fairness of the trial. The district court rightly held that the question could not be raised on habeas corpus for it is settled that such a writ cannot be used as a substitute for an appeal." The language of Ex parte Hawk, 321 U.S. 114, at page 118, 64 S.Ct. 448, 450, 88 L.Ed. 572, is likewise pertinent: "Where the state courts have considered and adjudicated the merits of his contentions, and this Court has either reviewed or declined to review the state court's decision, a federal court will not ordinarily re-examine upon writ of habeas corpus the questions thus adjudicated. Salinger v. Loisel, 265 U.S. 224, 230–232, 44 S.Ct. 519, 521–522, 68 L.Ed. 989."

Inasmuch as there is no showing that the prisoner has exhausted his state remedies, as he does not show that he has presented to a state court the claims of violation of the Federal Constitution which he asserts in his petition for habeas corpus, as all of the averments, other than those lastly discussed, have to do with matters occurring prior to trial and involve no question of federal rights, as his averments as to perjury are founded merely on the fact that the testimony of the prosecuting witnesses was so incredible that it amounted to perjury, as he makes no showing that he was entitled to counsel, or that his so-called coerced confession was untrue or introduced in evidence, we conclude that the court rightly held that he had not presented by his petition any grounds for federal relief.

We express our appreciation of the able representation of petitioner in this court by Roy B. Schneider, Jr., Esq., whom we appointed.

The judgment is affirmed.