Russell NELSON and Fred J. Martineau, Petitioners,

v.

Parker L. HANCOCK, as he is the Warden of the State Prison, Concord, New Hampshire.

Civ. A. No. 2330.

United States District Court
D. New Hampshire.

Oct. 29, 1962.

Leo Patrick McGowan, Providence, R. I., for Russell Nelson.

Julius H. Soble, Boston, Mass., for Fred J. Martineau.

Leonard & Leonard, Nashua, N. H., appearing generally for petitioners.

William Maynard, Atty. Gen., Elmer T. Bourque, Deputy Atty. Gen., Alexander J. Kalinski, Asst. Atty. Gen. of New Hampshire, for respondent.

GIGNOUX, District Judge (serving by designation).

Petitioners are presently confined in the New Hampshire State Prison under sentences of death imposed upon their convictions of murder in the Hillsborough County Superior Court on November 14, 1959. The New Hampshire Supreme Court sustained the convictions in State v. Nelson, 103 N.H. 478, 175 A. 2d 814 (November 30, 1961), and the United States Supreme Court denied direct review by certiorari, 369 U.S. 879, 881, 82 S.Ct. 1153, 8 L.Ed.2d 282 (May 14, 1962). Petitioners have sought no other post-conviction relief in the New Hampshire courts.

The instant petition for habeas corpus under 28 U.S.C. § 2241 was filed in this Court on August 22, 1962, and this Court forthwith issued to respondent an order to show cause, pursuant to 28 U.S.C. § 2243. On September 6, 1962 respondent filed a motion to dismiss the petition. On the following day oral argument on the motion to dismiss was heard by Judge Connor, who reserved his decision pending the filing of briefs. Because of Judge Connor's ensuing illness, further oral argument was heard before me on October 22, 1962. At the conclusion of oral argument, having previously considered the briefs submitted by petitioners and respondent, I granted the motion to dismiss and dismissed the pe-

tition, without prejudice, on the ground that the allegations of the petition, accepted at face value, fail to make out a prima facie case for exercise of the habeas corpus jurisdiction of this Court. Brown v. Allen, 344 U.S. 443, 502, 73 S. Ct. 397, 97 L.Ed. 469 (1953).[1] This memorandum is in amplification of the views which I stated orally at the hearing.

 The principles which should govern a federal district judge in the disposition of a petition for habeas corpus by a prisoner under sentence of a state court are now reasonably well defined. Brown v. Allen, supra, and Irvin v. Dowd, 359 U.S. 394, 79 S.Ct. 825, 3 L.Ed.2d 900 (1959) make clear that before the federal district court can entertain such a petition, the petition must set forth facts which show that the petitioner has a federal constitutional claim, and that he has obtained a final determination of his constitutional claim from the highest court of the state and has unsuccessfully sought review of the state court determination by a petition for certiorari in the Supreme Court of the United States. That is, the petition must show on its face that the petitioner is confined in violation of the Constitution or laws of the United States, as required by 28 U.S.C. § 2241(c)(3), and that the petitioner has exhausted the remedies available to him in the courts of the state, as required by 28 U.S.C. § 2254. It is not necessary for a prisoner who has sought direct review of his conviction by the highest court of the state and by certiorari in the United

States Supreme Court to ask the state for collateral relief, based on the same evidence and issues already decided by direct review, with another petition for certiorari. However, he must show that the same federal issue presented by his habeas corpus petition has been presented to the state court by at least one available post-conviction procedure and that certiorari on the same question has been once denied by the United States Supreme Court. Brown v. Allen, supra; Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761 (1950).

The present petition wholly fails to meet these requirements.

 Petitioners' first contention, as set forth in Section V of their petition, is that the State of New Hampshire violated their federal constitutional right to a fair and impartial trial because state and local law enforcement officials stimulated massive publicity, which, it is claimed, was calculated to and did convince the grand jury and the petit jury of petitioners' guilt. Even if it be conceded that these allegations state a colorable federal constitutional claim (at least insofar as petitioners assert that the petit jury which tried them was prejudiced by such publicity, cf. Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L. Ed.2d 751 (1961); Geagan v. Gavin, 292 F.2d 244 (1st Cir.1961) and 181 F.Supp. 466 (D.Mass.1960)), the petition fails to allege that this claim has been presented to the New Hampshire Supreme Court and by petition for certiorari to the Supreme Court of the United States.[2]

1. Petitioners have been represented throughout these proceedings, both in the state courts and here, by able and experienced counsel of their own choosing. Compare United States ex rel. Sproch v. Ragen, 246 F.2d 264 (7th Cir. 1957).

2. In fact, counsel for the petitioners conceded at oral argument that the voir dire testimony of the impaneled jurors had not as yet been transcribed, and hence the Supreme Court of New Hampshire could not have had the opportunity to consider the question of the impartiality of the jury in accordance with the principles delineated in Irvin v. Dowd and Geagan v.

Gavin. That the federal claim presented in Section V of the instant petition was not raised by petitioners in their appeal to the New Hampshire Supreme Court or in their petitions for certiorari to the United States Supreme Court is further confirmed by a reading of the opinion of the New Hampshire Supreme Court, State v. Nelson, supra, and by a review of copies furnished to me by counsel of the exceptions presented by petitioners on their appeal to the New Hampshire Supreme Court and of the points presented in the petitions for certiorari filed by petitioners with the United States Supreme Court.

Petitioners next contend in Section VI of their petition that they were illegally arrested by the Nashua Police; that they were subjected to an illegal search and seizure; that they were denied the opportunity to consult with counsel for 72 hours; that they were interrogated, threatened and beaten during this period; that they were not charged or released within 24 hours as required by New Hampshire law; and that the Nashua Police used electronic devices to record conversations of the petitioners while they were in custody. The petition contains no allegation that any of these matters have been presented to the New Hampshire Supreme Court.[3] Furthermore, there is no allegation in the petition that any of these alleged irregularities, which obviously occurred prior to the trial, in any way influenced the fairness of petitioners' trial. Absent allegations that such events operated to the prejudice of the petitioners in the subsequent conduct of the trial, no federal constitutional question is raised, and this Court is without jurisdiction. Errors and irregularities prior to trial can never be grounds for issuing the writ requested unless they somehow resulted in an unfair trial. United States ex rel. Sproch v. Ragen, 246 F.2d 264 (7th Cir.1957); United States ex rel. Langer v. Ragen, 237 F.2d 827 (7th Cir.1956); Latimer v. Cranor, 214 F.2d 926 (9th Cir.1954); Chow Loy v. United States, 112 F. 354, 361 (1st Cir.1901); Brown v. Robbins, 122 F. Supp. 229, 233 (D.Me.1954); United States ex rel. Brink v. Claudy, 96 F. Supp. 220 (W.D.Pa.1951), aff'd per curiam, 194 F.2d 535 (3d Cir.1951), rehearing denied, 102 F.Supp. 802 (W.D.Pa. 1953), aff'd per curiam, 200 F.2d 699 (3d Cir.1953), cert. denied, Brink v. Com. of Pa., 345 U.S. 930, 73 S.Ct. 792, 97 L.Ed. 1360 (1953).

In Section VII of the petition petitioners next allege that they were deprived of a fair trial and due process of law by various erroneous rulings of the trial court, including denial of pre-trial discovery; denial of a motion to dismiss an indictment returned one day before the commencement of the trial; denial of a motion to require the state to elect one of three indictments on which to try the case; denial of motions for directed verdicts; refusal to give a requested instruction; and refusal to interrogate the jury after the verdicts. In addition, the petitioners allege that the verdicts were inconsistent. For the most part, these rulings were considered by the Supreme Court of New Hampshire, which found petitioners' exceptions to be without substance and sustained the actions of the trial court. State v. Nelson, supra. None of these allegations involve federal rights. Habeas corpus does not serve the function of an appeal, and it is well settled that "Mere errors in point of law, however serious, committed by a criminal court in the exercise of its jurisdiction over a case properly subject to its cognizance, cannot be reviewed by *habeas corpus.*" Frank v. Mangum, 237 U.S. 309, 326, 35 S.Ct. 582, 586, 59 L.Ed. 969 (1915); Alexander v. Daugherty, 286 F.2d 645 (10th Cir.1961), cert. denied, 366 U.S. 939, 81 S.Ct. 1666, 6 L.Ed.2d 849 (1961); United States ex rel. Langer v. Ragen, 237 F.2d 827, 830 (7th Cir.1956); Odell v. Hudspeth, 189 F. 2d 300 (10th Cir.1951), cert. denied, 342 U.S. 873, 72 S.Ct. 116, 96 L.Ed. 656 (1951).

Only one paragraph of the petition requires further comment. In Paragraph F of Section VII petitioners allege that they were deprived of a fair trial and due process of law because of the use by the state of the allegedly perjured testimony of one William E. Crooker, whose testimony was known to be false by the state. A transcript of the testimony of this witness is attached to and made a part of the petition, and it is upon the claimed inherently contradictory character of this testimony that pe-

---

3. Petitioners' counsel conceded at oral argument that these matters also had not been in fact raised upon their appeal.

This is also confirmed by a reading of the bill of exceptions and the petitions for certiorari. See fn. 2, supra.

**64**

titioners rely to support their charge that it was false and known to be such by the prosecution. Not only does the petition fail to allege that this claim has been presented to the New Hampshire Supreme Court, but upon analysis the attack upon this testimony is no more than an attack upon the credibility of the witness. This is not a question which is subject to review by a federal court upon petition for habeas corpus. Gay v. Graham, 269 F.2d 482, 486 (10th Cir.1959); United States ex rel. Langer v. Ragen, 237 F.2d 827, 830 (7th Cir.1956); accord, United States ex rel. Sproch v. Ragen, 246 F.2d 264 (7th Cir.1957).

IT IS, THEREFORE, ORDERED that the petition be, and it hereby is, DISMISSED and the writ DENIED, without prejudice.