(No. 43911.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ROBERT JOSEPH DUNN, Appellant.

*Opinion filed October 2, 1972.*

ILLINOIS DEFENDER PROJECT of Mt. Vernon, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and ALTON A. GREER, State's Attorney, of Shawneetown (JAMES B. ZAGEL and ROBERT E. DAVISON, Assistant Attorneys General, of counsel), for the People.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Hamilton County dismissing defendant's amended post-conviction petition after a full evidentiary hearing. He appeals contending that (1) the State failed to prove him competent to stand trial by a preponderance of the evidence and (2) the trial court in which he pleaded guilty lacked jurisdiction to accept the plea since it had transferred the case to another county.

Defendant was indicted in the circuit court of Gallatin County for the murder of his mother and was represented by court-appointed counsel. The State requested a competency hearing, and the defendant interposed a request for a change of place of trial (Ill.Rev.Stat. 1967, ch. 38, sec. 114—6) alleging that he could not receive a fair trial from the inhabitants of Gallatin County. Judge Don A. Foster transferred the case to Hamilton County, also in the Second Judicial Circuit, but he thereafter presided over all phases of the proceedings. A competency hearing was then held before a jury in Hamilton County and defendant was found competent.

Thereafter, upon arraignment, he entered a plea of not guilty. The court then set the matter for October 27, 1969, for the purpose of setting a trial date. On that date, he appeared before Judge Foster, who was then sitting in Gallatin County, and entered a plea of guilty. After admonishing the defendant as to the consequences of this plea, including the fact that he would waive a jury trial, the court accepted his signed guilty plea and jury waiver. Subsequently, the court held a hearing in aggravation and

mitigation at which defendant persisted in his guilty plea. At the conclusion of the hearing he was sentenced to the penitentiary for a term of from 45 to 75 years.

Defendant now alleges that his competency to stand trial was not properly proved. Questions as to the sufficiency of the evidence have been held not to present a constitutional question and therefore are not properly considered in post-conviction proceedings. *People v. Vail, 46 Ill.2d 589.*

Defendant next contends that a trial court loses jurisdiction once an order has been entered transferring the case to another county. At his request, the case was transferred to Hamilton County to avoid the possibility that local prejudice would affect his jury trial. Change of place of trial is designed to avoid the possibility of local prejudices having an adverse affect on jury proceedings. (See *People v. Speck, 41 Ill.2d 177.*) However, no jury trial was held in Gallatin County since by pleading guilty defendant relinquished this right. Defendant does not contend that he was prejudiced when his plea was accepted.

A voluntary guilty plea waives all nonjurisdictional questions. (*People v. Brown, 41 Ill.2d 503; People v. Dennis, 34 Ill.2d 219.*) Place of trial is not jurisdictional, and, by express statutory provision, may be waived. (Ill.Rev.Stat. 1969, ch. 38, par. 1–6(a).) Defendant was obviously aware that he was in the Gallatin County courthouse, yet he voluntarily entered and persisted in his plea of guilty despite repeated admonitions by the trial court as to the effects of his plea, including his waiver of a trial by jury. He has thereby waived having the plea accepted in Hamilton County, and cannot now claim that the proceedings were improper.

For the above mentioned reason the judgment of the circuit court of Hamilton County is affirmed.

*Judgment affirmed.*