**UNITED STATES of America ex rel. Thomas MORANO, Petitioner,**

v.

**Dennis WOLFF, Warden Joliet Correctional Center Joliet, Illinois, Respondent.**

**No. 80 C 0446.**

United States District Court, N. D. Illinois, E. D.

Sept. 18, 1980.

**67**

Lance Haddix, Chicago, Ill., for petitioner.

Jonathan Strauss, Asst. Atty. Gen., William Scott, Atty. Gen., Orisha Kulick, Asst. Atty. Gen., Chicago, Ill., for respondent.

## MEMORANDUM OPINION

### Motion to Dismiss

MAROVITZ, Senior District Judge.

Petitioner Thomas Morano, a state prisoner, brings this petition for habeas corpus relief against respondent Dennis Wolff, Warden of Illinois' Joliet Correctional Center, pursuant to 28 U.S.C. § 2254.[1] Petitioner was convicted in the Circuit Court of Cook County of attempted murder, and that conviction was affirmed on appeal. *People v. Morano*, 69 Ill.App.3d 580, 25 Ill.Dec. 940, 387 N.E.2d 816 (1979). Petitioner urges six claims in support of his petition, as to one of which he has not exhausted his available state remedies as required by 28 U.S.C. § 2254(b). Pending before the Court is respondent's motion to dismiss the instant petition on the ground that the presence of the unexhausted claim in the petition requires the dismissal of the entire petition.

Those claims which petitioner has exhausted include: (1) that during closing the prosecutor argued facts which were not in evidence; (2) that the prosecution was improperly allowed to introduce mug shots of petitioner thereby revealing his prior arrests; (3) that the prosecution was permitted to bolster its identification evidence with hearsay evidence; (4) that the jury was not instructed that a specific intent is a necessary element of attempted murder; and (5) that the evidence was insufficient to convict petitioner.[2] These claimed errors, petitioner alleges, denied petitioner a fair trial as guaranteed by the due process clause of the Fourteenth Amendment. *See Robinson v. Smith*, 451 F.Supp. 1278, 1295 (W.D.N.Y.1978).

The unexhausted claim in petitioner's petition is his claim under the Sixth Amendment, as made applicable by the Fourteenth Amendment, that he was denied effective assistance of counsel in his proceedings before the state courts. This claim consists of claims that both his trial and appellate counsel rendered ineffective assistance. Specifically, petitioner contends that his trial counsel's failure to argue petitioner's alibi defense in closing argument constituted ineffective assistance and that appellate counsel's failure to raise a claim of ineffective trial counsel and to argue the insufficiency of the evidence constituted ineffective counsel on appeal. These claims are redressable by way of Illinois' post-conviction statute, Ill.Rev.Stat. ch. 38 §§ 122–1 through 122–7; *People v. Frank*, 48 Ill.2d 500, 272 N.E.2d 25 (1971); *People v. Martin*, 38 Ill.App.3d 209, 347 N.E.2d 200 (1976).

28 U.S.C. § 2254(b) provides:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process

1. 28 U.S.C. § 2254 empowers a federal district court to grant habeas corpus relief to state prisoners held in custody in violation of federal law.

2. Petitioner did not raise this claim on appeal; however, the claim may not be raised pursuant to Illinois' available post-conviction remedies. *People v. Dunn*, 52 Ill.2d 400, 288 N.E.2d 463 (1972). Thus, there is no available state remedy for this claim.

or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

The interest which underlies the exhaustion requirement is one of federal-state comity; *i. e.,* to not usurp the significant role of the state courts in applying and enforcing federal law. *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). The question of whether and, if so, under what circumstances exhausted claims contained in a habeas corpus petition along with unexhausted claims should be heard has apparently never been closely analyzed by a court in this circuit. *See Wilks v. Israel,* 627 F.2d 32, 38 n.10 (7th Cir. 1980); *United States ex rel. Langer v. Ragen,* 237 F.2d 827, 829 (7th Cir. 1956); *Woods v. Greer,* No. 80–4010–B (S.D.Ill. Mar. 19, 1980).[3] Two approaches to this issue have been formulated and one or the other of the two approaches has been explicitly adopted by most of the other circuits. *See generally,* 43 A.L.R. Fed. 631.

The approach taken by the First, Second, Third, Fourth, and Eighth Circuits provides that the exhausted claims contained in a "mixed petition" shall be heard unless related to an unexhausted claim. *E. g., Miller v. Hall,* 536 F.2d 967 (1st Cir. 1976); *Tyler v. Swenson,* 483 F.2d 611 (8th Cir. 1973); *United States ex rel. Annunziato v. Deegan,* 440 F.2d 304 (2d Cir. 1971); *Hewett v. North Carolina,* 415 F.2d 1316 (4th Cir. 1969); *United States ex rel. Lopinson v. Marks,* 409 F.Supp. 683 (E.D.Pa.1976), *aff'd,* 547 F.2d 1166 (3d Cir. 1977). This view holds that the interest in federal-state comity which underlies the exhaustion requirement is not sufficiently implicated when a federal court addresses a claim upon which the state has had an opportunity to pass, even though disposition of the exhausted claim may, as a practical matter, foreclose the state's adjudication of an unexhausted claim. *E. g., Miller v. Hall,* 536 F.2d at 969. With respect to the federal policy against the piecemeal adjudication of cases, the above approach represents the judgment that that policy is generally outweighed by a habeas petitioner's interest in having his exhausted claims promptly reviewed by a federal court. *E. g., Tyler v. Swenson,* 483 F.2d at 615 (8th Cir. 1973). As stated, however, this approach recognizes an exception to its basic rule whenever an exhausted claim is related to an unexhausted claim. *E. g., Johnson v. United States District Court,* 519 F.2d 738 (8th Cir. 1975). In such circumstances, the related exhausted claim should be dismissed along with the unexhausted claim since the state will have an opportunity to address the exhausted claim along with the unexhausted one.

The other approach, followed by the Fifth and Ninth Circuits, provides that federal-state comity and the policy against piecemeal adjudication are generally important enough to require a district court to dismiss mixed petitions. *Galtieri v. Wainwright,* 582 F.2d 348 (5th Cir. 1978); *Gonzales v. Stone,* 546 F.2d 807 (9th Cir. 1976). This approach also recognizes an exception to its basic rule whenever undue delay or other considerations of fairness warrant hearing the exhausted claims. *E. g., id.* at 810.

Therefore, the principle feature distinguishing the two approaches to the question of the handling of mixed petitions appears to be how the balance is struck between the competing policies of the comprehensive adjudication of cases versus the adjudication in federal court of a petitioner's exhausted claims. While this Court's research has not unearthed any case decided in this circuit which analyzed the approach to be taken to mixed petitions, the Seventh Circuit has on at least one occasion indicated that it is generally proper to hear exhausted claims asserted in a mixed petition. *United States*

---

**3.** Respondent cites *Woods* as support for the proposition that the presence of an unexhausted claim in a habeas petition requires dismissal of the entire petition. In *Woods* the court dismissed a petition containing several claims because of the existence therein of a single unexhausted claim. The *Woods* opinion, however, does not offer any analysis on the question of how to dispose of mixed petitions; indeed, it does not even mention the presence of any exhausted issues in the petition before it. Therefore, the Court does not find *Woods* to be particularly persuasive authority.

*v. Ragen*, 237 F.2d at 239. Recently, the Seventh Circuit noted the approach taken by the Fifth and Ninth Circuits without expressing any opinion as to the propriety of that approach. *Wilks v. Israel*, 627 F.2d at 38 n.10. The court only commented that the policies which underpin the Fifth and Ninth Circuits' approach no longer obtain with equal force once a petition is already before an appellate court as they do when the petition is filed in district court, and, therefore, intimated that, as an appellate court, it is not presented with an opportunity to pass upon the propriety of the district courts' approach to mixed petitions. *Id.*

The implication derived from this Court's reading of the footnote in *Wilks* is that the Seventh Circuit intends to leave the disposition of exhausted claims found within mixed petitions to the sound discretion of the district court to be exercised in light of both the applicable policy factors and the facts of the particular case. As a general proposition, this Court is of the opinion that the approach taken by the majority of the Circuits is the more sound approach. The federalism concerns which are responsible for the existence of the exhaustion requirement are simply not very strong with respect to a claim in a mixed petition which has been exhausted and which is unrelated to an unexhausted claim. The state having had its initial opportunity to pass upon a claim, a federal court's hearing of the claim implicates federal-state relations only to the extent it might preclude the necessity for the state to pass upon the unexhausted claim. Such an interest in federal-state comity is minimal at most, and is not at all of the same character as the interest in federal-state comity which bars consideration of a claim which itself has not been exhausted. Moreover, while the policy of judicial administration against the piecemeal adjudication of habeas corpus petitions is not insignificant, its significance pales substantially when placed alongside a petitioner's interest in the prompt resolution of his exhausted claims.

Thus, the Court turns to an application of the "majority rule" to the facts of the instant case. That rule provides that only petitioner's ineffective assistance of counsel claim shall be dismissed, unless that claim is intertwined with another of petitioner's claims. Petitioner's ineffective assistance of counsel claim is based upon his allegation that his trial counsel failed to argue his alibi defense to the jury and that appellate counsel neglected to raise both trial counsel's alleged ineffectiveness and the insufficiency of the evidence on appeal. Therefore, petitioner's ineffective assistance of counsel claim is related to petitioner's insufficiency of the evidence claim. Courts adhering to the majority view have consistently dismissed an exhausted claim when an unexhausted ineffective assistance of counsel claim is related to the exhausted claim. *E. g., Johnson v. United States District Court*, 519 F.2d 738 (8th Cir. 1975); *United States ex rel. Ferguson v. Deegan*, 323 F.Supp. 42 (S.D.N.Y.1971). The federal-state comity interests which are often only minimally present with respect to consideration of an exhausted claim in a mixed petition are stronger when an unexhausted claim will likely force the state to consider the merits of the claim which is exhausted for purposes of 28 U.S.C. § 2254(b). For example, in the instant case, consideration of petitioner's ineffective assistance of counsel claim will afford the state court an opportunity, which it would otherwise not accept, to address the merits of petitioner's insufficiency of the evidence claim. *See People v. Dunn*, 52 Ill.2d 400, 288 N.E.2d 463 (1972).

Accordingly, the Court hereby dismisses without prejudice both petitioner's ineffective assistance of counsel claim and his insufficiency of the evidence claim. Otherwise respondent's motion is denied. Petitioner's remaining four claims have been exhausted and are in no significant way related to petitioner's unexhausted claim. Therefore, in view of the majority position today adopted by this Court, it will proceed with the disposition of those claims. Respondents are ordered to answer those claims or otherwise plead within 10 days.