(No. 38767.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* FRANK J. CULLOTTA, Appellant.

*Opinion filed May 20, 1965.*

BELLOWS, BELLOWS & MAGIDSON, of Chicago, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and WILLIAM BAUER, State's Attorney, of Wheaton, for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Defendant, Frank J. Cullotta, was tried by a jury in the circuit court of Du Page County and convicted of burglarizing a television shop in the village of Bensenville. The Appellate Court affirmed the judgment, (48 Ill. App. 2d 180,) and we have granted defendant's petition for leave to appeal to review his contention that he was not proved guilty beyond a reasonable doubt.

The television shop in question was located in an outlying shopping center, and was adjacent to an "all-night" laundromat with which it shared a common wall. While on a routine patrol about 4:30 A.M., police officers noticed television and radio sets sitting on the floor of the laundro-

mat and, upon investigating further, found a hole broken in the wall separating the two businesses. During the search of the premises Philip Manzella was discovered hiding behind a dryer in the laundromat, and his car, containing a number of new television and radio sets, was found in back of the building. Manzella admitted his guilt at the time, and footprints in the snow in the vicinity of the automobile led the police to believe he had an accomplice. Defendant was arrested the following day and was also charged with the crime.

At the trial, as may be seen in greater detail in the opinion of the Appellate Court, the proof tending to connect defendant with the crime fell into two categories. First, the testimony of two police officers identifying defendant as a man they had seen in the laundromat while driving by on patrols between 12:30 A.M. and 2:30 A.M., and second, the testimony of a police lieutenant that Manzella, when interrogated at the place of arrest, had named defendant as his accomplice. For the defense, Manzella denied that defendant was implicated, denied that he had told the police defendant was his accomplice, and testified that he had been in the laundromat for some time prior to the burglary, during a part of which he sat and talked with another man who had come into the place. Defendant likewise denied his complicity and gave testimony of an alibi which was completely corroborated by his mother.

From a careful review of the entire record, it is our opinion that the evidence was not sufficient to establish guilt beyond a reasonable doubt. We have reiterated the rule that a conviction cannot be deemed to be sustained by evidence beyond a reasonable doubt if the identification of the accused was vague, doubtful and uncertain. (*People* v. *Ikerd,* 26 Ill.2d 573; *People* v. *Horodecki,* 15 Ill.2d 130.) And where, as here, the identifying witnesses have never before observed the accused, the attendant circumstances, including the opportunity for definite identification, must be

carefully weighed and considered. (*People* v. *McGee,* 21 Ill.2d 440; *People* v. *Peck,* 358 Ill. 642.) The attendant circumstances were far from affording a favorable opportunity for positive identification. Not only did the officers have but a fleeting view of the men in the laundromat as they drove by in their patrol cars, but it also appears that it was snowing and that except for an instant when one of the men turned to look at the passing auto the officers had only a side, or profile view of the faces. Furthermore, even if the identification made from moving cars could be accepted as positive, the mere presence of defendant at the scene more than an hour before the burglary was interpreted, could not, without more, established his guilt beyond a reasonable doubt. *Cf. People* v. *Guardino,* 13 Ill.2d 58; *People* v. *Magnafichi,* 9 Ill.2d 169.

Nor, under the circumstances of this case, can it be said that the uncertainties surrounding defendant's identification were overcome by the testimony of the lieutenant that Manzella implicated defendant while being questioned at the scene of the crime. After the interrogation at the laundromat, a written statement of what Manzella had said was prepared from the notes of the lieutenant and under his direction. At the trial he testified that the written statement represented "all that Manzella told me." And while the trial court improperly refused to allow the statement into evidence for the purpose of impeaching the lieutenant's testimony, the clear purport of the record is that the statement made no reference either to defendant's participation in the crime or his presence at the scene. Taken in conjunction with Manzella's denial that he had implicated defendant and the plausible evidence of alibi, it is our opinion there is a reasonable doubt of guilt which will not permit the conviction to stand.

The judgments of the appellate court and of the circuit court of Du Page County are therefore reversed.

*Judgments reversed.*