The People of the State of Illinois, Plaintiff-Appellee, v. Melvin Marshall, Defendant-Appellant.

Gen. No. 50,873.

First District, Third Division.

September 15, 1966.

Luther A. Harthun, of Chicago (Vorris J. Blankenship and Hopkins, Sutter, Owen, Mulroy, Wentz & Davis, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James B. Zagel, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

Melvin Marshall was convicted of robbery after a trial without a jury and was sentenced to a term of four to eight years in the penitentiary. Three points are raised

by this appeal: the indictment was defective, the defendant was not proved to be the person who committed the offense and improper evidence was admitted.

It is unnecessary to consider the first and third points raised on appeal because after studying the record this court does not find the identification of the defendant convincing and we therefore have a reasonable doubt of his guilt.

On the morning of January 22, 1964, Robert Troxell, a deliveryman for a Chicago laundry, parked his truck to make a delivery. When he returned to his truck and opened the door he saw a man inside crouched behind the door. The man jumped up and told Troxell to get in; he had his hand in his coat pocket and pointed at Troxell. Troxell was made to lean over the bundles of laundry while the robber took his money and wristwatch. The robber then made Troxell remove his trousers and shoes, placed laundry bundles on top of them, and fled. Troxell recovered his clothing and telephoned the police.

Troxell gave the policeman who responded to his telephone call a description of the man who robbed him. He said the robber was a colored man, with a black mustache, about 20 years old and five feet ten or eleven inches tall. At the trial he testified that he told the police he thought the robber had a mustache. He said he was not sure about it because he "didn't look that close." The defendant is only five feet six inches tall and did not have a mustache at the time of the trial.

The complaining witness gave an explanation for his erroneous estimate of the robber's height. He said he was on the ground and had to look up at the robber who was standing in the truck, the floor of which was about two feet above the ground. This explanation is reasonable as far is it goes and could account for the witness' first impression of the height of the robber. However, the witness got into the truck next to the robber. He was then on the same level and he could compare the robber's height

with his own. The witness is five feet eleven inches tall. Immediately after the robbery he said the robber was about the same height. The man on trial for the crime was five inches shorter than the witness.

The fact that the defendant did not have a mustache at the time of the trial is not important; but the fact that the witness was not sure whether he had one at the time of the robbery is very important. This court said in People v. Kincy, 72 Ill App2d 419, 219 NE2d 662, that if a defendant had a mustache on the day of the robbery "that would have been something that could not normally have been overlooked." In the case at bar, the witness' uncertainty is evidence that he did not carefully observe the robber's face. He admitted as much by his explanation for not knowing whether the robber had a mustache: "I didn't look that close."

■■ The discrepancy between the defendant's height and the complaining witness' estimate casts doubt on the identification, and the witness' inability to observe whether the defendant wore a mustache discredits his identification. In our opinion these factors completely outweigh the subsequent events leading to the indictment of the defendant: six days after the robbery the witness picked out the defendant's picture as that of the individual who committed the offense, and five weeks later he selected him out of a lineup of five men. Where the conviction of a defendant is based upon an identification which is doubtful, vague and uncertain, it cannot be deemed to be sustained by evidence beyond a reasonable doubt. People v. Cullotta, 32 Ill2d 502, 207 NE2d 444 (1965) ; People v. Fiorita, 339 Ill 78, 170 NE 690 (1930) ; People v. Kincy, (supra).

The judgment of conviction is reversed.

Reversed.

SULLIVAN, P. J. and SCHWARTZ, J., concur.