THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LEE KING, Defendant-Appellant.

(No. 55547; )

First District (2nd Division)—March 13, 1973.

Gerald W. Getty, Public Defender, of Chicago, (Stanton Bloom and James J. Gramenos, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and James T. J. Keating, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This was a prosecution for rape. Defendant waived trial by jury, was convicted and sentenced to serve four to five years. In this appeal, he presents three issues. (1) Whether he was proven guilty beyond a reasonable doubt. (2) Whether he was denied a fair trial and deprived of due process of law by comments made by the trial judge. (3) Whether he was prejudiced when his motion for a continuance was denied. Resolution of the first issue requires a summary of the facts.

On October 19, 1968, the prosecutrix, a woman in her thirties and a mother, worked as a cook and barmaid in the Korvette Lounge, 8145 Cottage Grove Avenue, Chicago. That day, at about 4:15 A.M., she finished work and left for home, a short distance away. As she walked east on 81st Street between Cottage Grove and Maryland Avenue, a man she had seen in the lounge that evening and "a couple of times" before, came behind her, grabbed her arm, hit her on the head, dragged her into an alley and raped her. The prosecutrix observed that her assailant had sideburns and "a heavy mustache." After he left, she walked home and called the police. They took her to a nearby hospital where she made her complaint to Detective Harold Huffman and described the man who raped her. The description consisted of the man's race, approximate age and height. She did not tell Detective Huffman that she had seen this man earlier that evening in the Korvette Lounge and "a couple of times" before October 19, 1968. And when he testified, Detective Huffman could not recall the prosecutrix mentioning that her assailant had "a heavy mustache."

Several weeks after October 19, defendant came to the Korvette Lounge while the prosecutrix was there. She did not tell anyone present that defendant had raped her. She did not call the police. Then, a short time later, defendant came into the lounge a second time. Again, the

prosecutrix did not tell anyone that defendant had raped her. She waited until she got home and then she called the police. A detective came to her house and talked with her. During her testimony, the prosecutrix explained that she did not call the police from the Korvette Lounge because she feared for her life and for the safety of her children. Sometime later, the defendant came into the Korvette Lounge a third time. Again the prosecutrix did not tell anyone that defendant had raped her on October 19, 1968. But the prosecutrix said that she called the police station and asked for Detective Huffman. She was not able to contact him. Then, on April 22, 1969 defendant was in the Korvette Lounge with some friends. He ordered drinks for them. He put his hands on the prosecutrix. In her testimony she said that defendant's conduct "just made me sick. And I say I am going to call the police and I called." The police came and the prosecutrix told them that defendant raped her on October 19, 1968. He was arrested, charged and brought to trial.

The prosecutrix and Detective Huffman testified for the prosecution. Defendant testified in his defense and denied that he raped the prosecutrix. He admitted that prior to October 19, 1968 and subsequent to that date he was a patron of the Korvette Lounge. He said that between October 19, 1968 and April 22, 1969 when he was arrested, he had been in the lounge several times when the prosecutrix was there but she never complained about his conduct to anyone nor did she charge that he had raped her. After hearing the evidence, the trial court found defendant guilty and imposed the sentence.

The first issue before us is whether the evidence in this record on which the question of identity rests entirely on the testimony of one witness, the prosecutrix, proved beyond a reasonable doubt that on October 19, 1968 defendant committed the crime of rape.

Defendant insists that it does not. He argues that on October 19, 1968 when the prosecutrix first complained to Detective Huffman, it was natural for her to assert that the man who raped her was one she had seen in the Korvette Lounge that evening and "a couple of times" before. According to Huffman, she did not do this. Moreover, defendant points out, he was in the Korvette Lounge three times between October 19, 1968 and April 22, 1969 without the prosecutrix complaining to anyone there that he had raped her or having him arrested for that offense. In addition, defendant argues that it was natural for the prosecutrix, when she described her rapist to Detective Huffman, to tell him that the man who attacked her had a heavy mustache. According to Huffman, she did not do this. The only description she gave was the race, approximate age and height of her assailant. From these facts, defendant contends that the testimony of the prosecutrix lacked the ring of truth; she

was not a credible witness; and therefore, his conviction based solely on her identification testimony cannot stand. To determine the merit of this contention, we turn to the rules of law applicable to this case. ■■ The identification testimony of one witness who is positive and credible is sufficient to convict, even though that testimony is contradicted by the accused. (*People v. Sproch*, 409 Ill. 55, 58, 97 N.E.2d 833; *People v. Novotny*, 41 Ill.2d 401, 411, 244 N.E.2d 182; *People v. Hardaway*, 108 Ill.App.2d 325, 247 N.E.2d 626.) Such a conviction, however, cannot stand if the identification testimony is vague, doubtful and uncertain. (*People v. Cullotta*, 32 Ill.2d 502, 504, 207 N.E.2d 444.) This is particularly true if the identification testimony reveals a failure to assert or mention some physical feature in the appearance of the identified individual such as sideburns, mustache or a distinctive item of clothing. See *People v. Gardner*, 35 Ill.2d 564, 221 N.E.2d 232; compare *People v. Marshall*, 74 Ill.App.2d 483, 221 N.E.2d 133 and *People v. Martin*, 95 Ill.App.2d 457, 238 N.E.2d 205.

■■ It is a general principle of evidence that the failure to assert a fact when it would have been natural to assert it amounts in effect to an assertion of the non-existence of that fact. (Wigmore, Evidence § 1042 (3d ed.).) The omission, that is, the failure to assert a fact, is *prima facie* inconsistent conduct which unexplained has the tendency to discredit a witness. See *Skipper v. Commonwealth* (1954), 195 Va. 870, 80 S.E.2d 401; compare *State v. Archer* (1927), 32 N.M. 319, 255 P. 396.

In this case, it was the prosecutrix's testimony that earlier in the evening of October 19, 1968 and "a couple of times" before she had seen the man who raped her. It is natural to expect the prosecutrix to have initially asserted that the man who committed this offense was one she had seen in the place where she worked. Yet, it appears that when she complained to Detective Huffman, she did not tell him this important fact. Nor did she say this to anyone else. In addition, it appears from Detective Huffman's testimony that she did not say the man who raped her wore a heavy mustache.

■■■ More significantly, on three different occasions between October 19, 1968 and April 22, 1969, the prosecutrix saw the defendant in the Korvette Lounge. She did not tell anyone there that the defendant had raped her nor did she have him arrested. During her testimony when she was asked for an explanation, the prosecutrix said that she feared for her life and safety of her children. We take judicial notice that the Korvette Lounge is in the 8100 block of South Cottage Grove Avenue, a densely populated area of Chicago and a place within easy reach of law enforcing authorities. Nothing in this record suggests that the prosecutrix was isolated from others or was alone in the presence of defendant

when he came into the Korvette Lounge. In our judgment, this identification testimony of the prosecutrix is unsatisfactory; it is doubtful, vague and uncertain; it raises a reasonable doubt of the defendant's guilt. See *People v. Charleston,* 47 Ill.2d 19, 264 N.E.2d 199; *People v. Kincy,* 72 Ill.App.2d 419, 219 N.E.2d 662.

The second issue is whether the comments of the trial judge denied defendant a fair trial and deprived him of due process of law. Defendant's contentions and arguments on this issue impel us to observe the comments which the trial judge made just before imposition of the sentence. He said:

> "The testimony of penetration and that's it. So we can say it's attempt. If it is or anything else or aggravated battery or anything else, that's what should have been done in this case and this is where justice does not prevail. And I don't care who knows it. It's unfortunate and terrible and everything else and I don't know how I can sleep tonight sending this man to the penitentiary for four years. I must send him because the legislature says there is no probation on rape. It's a minimum four years sentence as long as the State's Attorney's office will not corroborate to reduce it to something else. Give him some time. There is nothing else I can do except find him guilty. [sic]."

At the time these comments were made, it was the law that "[a] person convicted of rape shall be imprisoned in the penitentiary for any indeterminate term with a minimum of not less than four years." (Ill. Rev. Stat. 1969, ch. 38, par. 11—1(c).) By statute, rape was not a probationable offense. (Ill. Rev. Stat. 1969, ch. 38, par. 117—1(a).) Therefore, it was the public policy of this State that the man who, in this case, committed the heinous offense described by the prosecutrix was to be imprisoned for a term not less than four years. If, beyond a reasonable doubt, defendant was that man, then sentencing him to the penitentiary for the minimum term required by law should not have occasioned any degree of nocturnal disquietude. These comments reveal doubt that defendant was guilty of the rape with which he was charged. Having reached these conclusions, it is unnecessary that we resolve the remaining issue. The judgment is reversed.

Reversed.

SCHWARTZ and HAYES, JJ., concur.