THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WALTER
LEE CLARK, Defendant-Appellant.

First District (3rd Division)    No. 62449

Opinion filed June 3, 1976.

James J. Doherty, Public Defender, of Chicago (Edward W. Czadowski,
Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Michael R. Lewis, Assistant State's
Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE MEJDA delivered the opinion of the court:
Defendant was indicted for one count of armed robbery and three
counts of aggravated battery of John Winters. (Ill. Rev. Stat. 1973, ch. 38,
pars. 18—2 and 12—4.) Following a trial without a jury he was found
guilty only as to one count of aggravated battery and sentenced to a term
of two to seven years in the Illinois Department of Corrections. On appeal
defendant's sole contention is that he was not proved guilty beyond a
reasonable doubt. We affirm.

John Winters appeared as the only witness for the prosecution and
testified to the following. He is 40 years old, and lives with his wife and
children in an apartment building at 1820 West Adams Street in Chicago.
At approximately 8:30 p.m., on August 17, 1974, he was alone and driving
his car out of the building's parking lot which is served by only one
driveway. He had cashed a salary check earlier and was carrying $150 to
shop. Defendant was alone, driving his car into the lot, and he stopped in
the driveway, preventing Winters' egress. He got out of his car and told
Winters that he would be killed if he hit defendant's car. Defendant then

walked around the side of the building. At that time Winters' wife came out of the building and told him to park his car and come inside. The defendant had returned to the area and as Winters got out of his car the defendant struck him in the left eye with a stick. Winters fell to the ground. He felt someone going through his pockets and removing the $150 he was carrying. Later, in their apartment, Winters was given first aid by his wife and was then driven to Cook County Hospital by his wife and nephew. They arrived there about 9:30 p.m., but he did not receive medical treatment until 12:30 a.m. Just prior to receiving treatment, Winters told a police officer about his attack. As a result of his injury Winters' left eye was removed.

On cross-examination Winters stated that he had not spoken to defendant before the attack and that he did not have a knife or other weapon. He said he did not see defendant approach him with the stick; that he was struck from behind, and that defendant hit him two or three times. Although he did not see who went through his pockets after he fell, he stated he assumed it was defendant because he was standing next to him when he fell. He further stated that he had a telephone in his apartment but did not report the incident to the police until shortly before he was treated at the hospital.

Defendant, 21 years of age, testified to the following. He was entering the parking lot at the same time Winters was leaving in his car. Winters stopped in the driveway and blocked defendant's access into the lot. Winters shut off his motor and engaged defendant in an argument. He then backed his car to let another vehicle out of the lot and defendant pulled into the lot and parked. As they got out of their cars Winters continued to argue with him. Winters then bloodied defendant's nose with a punch and kicked him in the stomach. Defendant lunged toward Winters who then pulled out a knife and chased him around his car. During the chase defendant reached into the driver's window of his car and grabbed a cane from the front seat. He struck Winters once in the head with the cane. Winters did not fall but ran into the apartment building. Defendant denied going through Winters' pockets after he delivered the blow with the cane.

On cross-examination, defendant stated that after he pulled into the lot and parked, Winters came up to him and said defendant was a punk who thought he owned the street. When he responded that it was Winters who had been in the wrong, Winters said he should jump on him for saying that. After defendant replied that he was too big for Winters to jump on, Winters punched him in the nose and kicked him in the stomach.

Annette Stevenson appeared as a witness for defendant and testified to the following. As she was walking near the parking lot she saw the altercation between Winters and defendant. There was blood on

defendant's shirt, and she saw Winters come at him with a knife. Defendant went to the trunk of his car and took out a cane; he did not remove it from the front seat. He then walked back to where Winters was standing with the knife and struck him with the cane.

On cross-examination, Mrs. Stevenson admitted that she had known the defendant for some time. She stated that when he went to the trunk of his car and got the cane, Winters did not follow him but stood still. Armed with the cane, defendant walked back and struck Winters with the cane. The witness further stated that later that evening she spoke with defendant who said the blood on his shirt had come from his nosebleed and that he had hit Winters only to protect himself.

Following arguments of counsel, the trial court found defendant guilty of aggravated battery. In imposing a sentence of two to seven years in the Illinois Department of Corrections the trial court made specific reference to the severe injury received by John Winters.

Defendant contends that he was not proved guilty beyond a reasonable doubt of the aggravated battery of John Winters, arguing that a finding of guilty as to aggravated battery and an implicit finding of not guilty as to armed robbery were logically inconsistent. He further argues that John Winters' testimony of unprovoked attack by him is uncorroborated and contrary to human experience, while his own testimony which was corroborated by an uncontradicted and unimpeached witness, demonstrated that he acted in justifiable self-defense. We reject both arguments.

First, the findings of the trial court as to aggravated battery and armed robbery are not logically inconsistent. The only evidence introduced to establish the armed robbery was the testimony of John Winters who stated that after he fell to the ground he felt someone going through his pockets. Yet he admitted that he did not see who it was and added on cross-examination that he could only assume it was defendant. While such speculative testimony might warrant a finding of not guilty as to armed robbery, it does not contradict the finding of guilty as to the aggravated battery. Winters testified unequivocally that it was defendant who struck him in the eye with a stick. Neither defendant nor Annette Stevenson challenged that evidence. Instead, their testimony confirmed defendant's striking of Winters with the cane but attempted to justify the act.

Second, we disagree that a finding of not guilty as to aggravated battery was dictated because John Winters' testimony was implausible while defendant's testimony was credible and corroborated. On this record it appears that Winters' testimony was more plausible than that given by defendant. Moreover, the testimony of defendant and Annette Stevenson conflicted on two major points, namely, whether Winters chased defendant with a knife, and the place in his car from which defendant

obtained the cane. The essential question presented was one of credibility; the complaining witness testified to one version of the events and the defense witnesses portrayed a completely different version. The trial court obviously credited the testimony of John Winters over that of defendant and Annette Stevenson. Winters' testimony, if believed, was sufficient to convict the defendant. (*People v. Novotny* (1968), 41 Ill. 2d 401, 244 N.E.2d 182; *People v. Nance* (1975), 26 Ill. App. 3d 182, 324 N.E.2d 652; *People v. Dandridge* (1972), 4 Ill. App. 3d 864, 282 N.E.2d 18.) As stated in *Novotny*, at pages 411-412:

> "The testimony of even one witness, if positive and credible, is sufficient to convict in a criminal prosecution in this state, even though it is contradicted by the accused. (*People v. Gray*, 33 Ill. 2d 349, 356; *People v. Solomon*, 24 Ill. 2d 586; *People v. Cox*, 22 Ill. 2d 534.) We have recently stated: 'When the trier of facts renders a decision based upon credible and substantial evidence which is sufficient to convict, that verdict is not subject to question on review merely because the judge or jury chose to believe the consistent testimony presented by the State. *People v. Neukom*, 16 Ill. 2d 340, 347; *People v. Stevens*, 11 Ill. 2d 21; *People v. Kelly*, 8 Ill. 2d 604.' (*People v. Pelegri*, 39 Ill. 2d 568, 574.) It is neither the duty nor the privilege of a reviewing court to substitute its judgment as to the weight of disputed evidence or the credibility of witnesses for that of the trier of fact who heard the evidence presented and observed the demeanor of the witnesses (*People v. Mills*, 40 Ill. 2d 4, 19; *People v. Anderson*, 30 Ill. 2d 413; *People v. Orlando*, 380 Ill. 107, *cert.* denied 317 U.S. 694, 87 L. Ed. 555, 63 S. Ct. 435); and we will not reverse a criminal conviction where the evidence is not so improbable as to raise a reasonable doubt of guilt. *People v. Mills; People v. Ashley*, 18 Ill. 2d 272, *cert.* denied 363 U.S. 815, 4 L. Ed. 2d 1157, 80 S. Ct. 1255."

Here, the testimony of John Winters was both credible and positive, and we hold that it was sufficient to establish the guilt of the defendant beyond a reasonable doubt. Therefore, the judgment of conviction is affirmed.

Affirmed.

McNAMARA and McGLOON, JJ., concur.