THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY LEE HOARD, Defendant-Appellant.

Second District   No. 76-178

Opinion filed June 27, 1977.

Ralph Ruebner and Andrew Berman, both of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (Phyllis J. Perko and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant was convicted of armed robbery in a jury trial and sentenced to serve a minimum term of four years and a maximum term of eight years in the penitentiary.

Defendant appeals contending that he was not proved guilty beyond a reasonable doubt because of what he claims are substantial discrepancies in the identification testimony.

Linzie Simmons, the owner of the West End Food Mart in Rockford, testified that about 10:30 p.m. on January 29, 1975, a man and a woman came into the store. He had seen the same man in the store about a month before. After apparently looking for various items the man pulled a shotgun from his clothing, leveled it at Simmons and said, "This is a holdup. Hurry up and give me the money, I am nervous." The man and his companion took $38 from the register and walked out, after first tearing the telephone from the wall. The witness testified that the store lights were on at the time of the robbery. He identified the defendant in court as the man who held the shotgun.

On cross-examination Simmons agreed that he had told the police immediately after the incident that the robber was "a negro male, middle to late 30's, five foot, seven, 150 to 160 pounds; no facial hair, light complexion, mid afro part in the middle of the hair, knee length black coat and protruding eyes, * * *." He also conceded that he may have told a police officer, George Krebs, the day following the robbery that the man was dark skinned.

The State's case also included testimony that seven days after the robbery, defendant fled from an officer who, believing he answered the description of the man wanted for the robbery of the Food Mart, had sought to stop him for questioning.

Officer George Krebs was called by the defense and testified that Simmons had described the robber as dark skinned. Detective William Bland also called by the defense testified that when defendant was apprehended some seven days after the robbery he had an afro haircut with no part, a goatee, a faint moustache and sideburns.

Defendant who was 24 years of age testified at the trial on March 29, 1975, that he had sideburns, and a moustache which he had not shaved off over the past six months. Other witnesses for the defense stated that

defendant had a moustache, goatee and long sideburns on the date of the crime.

The defendant testified that he was not in the area of the robbery at the time in question. He described an evening of activities in which he sought to purchase heroin to counteract his withdrawal symptoms. His activities covered the period beginning shortly after 6 p.m. on January 29 to the day following the robbery. A companion, defendant's wife, defendant's girl friend and defendant's mother corroborated defendant's alibi.

Prior to trial defendant made a motion to suppress identification which was denied. From the record of the suppression hearing it appears that Simmons, the complaining witness, positively identified defendant both from photographs and in a lineup.

Defendant nevertheless argues that the discrepancies between the individual described by the complaining witness and the actual appearance of the defendant were so marked that, placed against a credible and uncontradicted alibi, there was a failure of proof beyond a reasonable doubt.

■■ ■ It is undisputed that the testimony of even one witness is sufficient to convict if the witness viewed the accused under circumstances permitting a positive identification even though such testimony is contradicted by the accused, providing the witness is credible. (*People v. Stringer*, 52 Ill. 2d 564, 569 (1972).) In determining the credibility of identification testimony precise accuracy in describing facial characteristics is unnecessary where the identification is positive. (*People v. Catlett*, 48 Ill. 2d 56, 63 (1971); *People v. Miller*, 30 Ill. 2d 110, 113 (1964); *People v. Ragan*, 33 Ill. App. 3d 151, 153 (1975); *People v. Camp*, 9 Ill. App. 3d 445, 446 (1972); *cf. People v. Young*, 46 Ill. App. 3d 798, 801 (1977).) However, where the attendant circumstances do not afford a favorable opportunity for positive identification the evidence may not be sufficient to sustain guilt beyond a reasonable doubt in the face of a plausible alibi. (See *People v. Gardner*, 35 Ill. 2d 564, 572 (1966); *People v. Cullotta*, 32 Ill. 2d 502, 504-5 (1965); *People v. Reese*, 14 Ill. App. 3d 1049, 1052 (1973); *People v. King*, 10 Ill. App. 3d 652, 655 (1973).) It is also well established that the function of the trier of facts to determine the credibility of all witnesses will not be disturbed unless the evidence is so unreasonable, improbable or unsatisfactory as to leave a reasonable doubt of defendant's guilt. *People v. Catlett*, 48 Ill. 2d 56, 64 (1971); *People v. Stringer*, 52 Ill. 2d 564, 569 (1972).

■■ From our examination of the record before us we conclude that the guilt of the defendant was established beyond a reasonable doubt. The complaining witness observed the armed robber at close range under circumstances which permitted a positive identification. These

circumstances included the fact that the store lights were on. The robber, who was not disguised, was in the presence of the complaining witness for a sufficient time to permit a positive identification of the individual. In addition, the witness had seen the defendant in the store on a previous occasion. He made a positive identification of the defendant as the robber both from photographs shortly following the robbery and later at a lineup as well as at trial. Under these circumstances the discrepancies in his description as to the facial features of the robber and his age, while they must be seriously considered and weighed, do not prevent an abiding conviction of guilt. Nor can we say that the evidence is so unreasonable, improbable or unsatisfactory that it leaves a reasonable doubt of defendant's guilt. We therefore affirm the judgment.

Affirmed.

GUILD and WOODWARD, JJ., concur.