THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RAFAEL MENDEZ, Defendant-Appellant.

First District (5th Division)   No. 76-1544

Opinion filed October 14, 1977.

James J. Doherty, Public Defender, of Chicago (Dennis E. Urban and Richard D. Kharas, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Michael E. Shabat, and Mary Ellen Cagney, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Following a jury trial, defendant was convicted of the murder of

Richard Wilson and the attempt murder of Virgilleo Foyain. (Ill. Rev. Stat. 1975, ch. 38, par. 9—1, 8—4.) He was sentenced to concurrent terms of 14 to 20 years for murder and 4 to 12 years for attempt murder with an additional parole term of 5 years for each offense. On appeal he contends that the trial court erred when it: (1) allowed the prosecution to elicit testimony from a witness that the defendant had remained silent after his arrest, and (2) entered convictions and sentences for two offenses which arose from the same course of conduct.

We will summarize that portion of the trial proceedings which is pertinent to defendant's appeal. Arresting Officer John Lyons, during direct examination by the State, testified to a statement which defendant allegedly made prior to his arrest, and which the officer included in his police report. On cross-examination, defense counsel questioned Officer Lyons as to his failure to have that same statement put into writing, typed up for signature, or tape recorded. Thereafter, on the State's redirect examination, the following testimony was elicited over the objections of defense counsel:

"Q. [For the State]. After he told you he shot the wrong man, did he say anything else to you?

A. [Officer Lyons]. Nothing.

* * *

Q. Officer, after you placed him under arrest, did you have occasion to advise him of his constitutional rights?

A. Yes, I did.

Q. What if anything did you advise him, the defendant Rafael Mendez, Officer?

A. I advised him of his constitutional rights per the Miranda decision which we have on a pre-printed form in my Confederation of Police book.

Q. What if anything did the defendant say then, Officer?

A. Nothing.

* * *

Q. What if anything did the defendant say after you spoke to him again, Officer?

* * *

A. I asked him if he understood. He said yes.

Q. Did he proceed to say anything to you at that time?

A. No, sir.

* * *

He said nothing."

OPINION

■■ ■ Defendant contends that the trial court's allowance of the testimony quoted above was error in that its use penalized him for exercising his Fifth Amendment right to remain silent after arrest. As support for this contention, defendant cites *U.S. v. Hale* (1975), 422 U.S. 171, 45 L. Ed. 2d 99, 95 S. Ct. 2133, and *Doyle v. Ohio* (1976), 426 U.S. 610, 49 L. Ed. 2d 91, 96 S. Ct. 2240. However, defendant's reliance on these cases is unfounded. In *Hale*, the Supreme Court invoked its supervisory power over the lower Federal courts, and ruled that it was improper to use a defendant's post-arrest silence to impeach an explanation offered by him at trial. The court held that the use at trial of an arrestee's ambiguous silence added a significant potential for prejudicing the jury against a defendant's assertions of innocence. The same question which had been dealt with in *Hale* was decided on constitutional grounds in *Doyle v. Ohio* (1976), 426 U.S. 610, 49 L. Ed. 2d 91, 96 S. Ct. 2240, in which a defendant who offered exculpatory testimony at trial was cross-examined by the prosecutor as to why he had not given the same information to the police. The Supreme Court, declaring this to be improper, held that the use of the defendant's post-arrest silence for impeachment purposes violated the due process clause of the Fourteenth Amendment. The court noted, however, that the fact of a defendant's silence could be introduced to challenge his version of his behavior following his arrest. (426 U.S. 610, 619-20 n. 11, 49 L. Ec. 2d 91, 98 n. 11, 96 S. Ct. 2240, 2245 n. 11.) The court then cited *United States v. Fairchild* (5th Cir. 1975), 505 F.2d 1378, which held that evidence that the defendant remained silent after the *Miranda* warnings were given was admissible to rebut an impression raised by the defendant that he had cooperated with the police. The court ruled that by raising the subject of his cooperation, the defendant had "opened the door" to all relevant testimony, including the fact of his silence. (505 F.2d 1378, 1383.) Similar reasoning has been used in Illinois. (See *People v. Allen* (1976), 37 Ill. App. 3d 619, 346 N.E.2d 486, *cert. denied* (1977), 430 U.S. 956, 51 L. Ed. 2d 806, 97 S. Ct. 1603.) Unlike *Hale* or *Doyle*, the instant case is one in which the defendant opened the door to the line of questioning to which he objects. Defendant's cross-examination of Officer Lyons left open the question of why no record was made of defendant's statement, and thereby served to raise the impression that no statement was made. Indeed, defendant later took the stand and denied making any statement whatsoever to the arresting officer. The State therefore sought to rebut the impression raised by the defendant by showing on redirect examination that no record was made because the defendant refused to say anything.

■■ There is no allegation that the State, after extracting its rebuttal testimony from Officer Lyons, raised the subject of defendant's silence again, either during the examination of any other witness or on closing argument. We are not aware of any cases which, under the circumstances described, would forbid the type of inquiry that is at issue here. We, therefore, cannot agree with defendant's contention that the allowance of the testimony which referred to his post-arrest silence was error.

Moreover, even assuming *arguendo* that introduction of the testimony challenged by defendant was error, the overwhelming weight of the evidence indicates that this error was harmless. Before a Federal constitutional error, such as one involving a defendant's right to remain silent, can be held harmless, the court must be satisfied beyond a reasonable doubt that the error did not contribute to the conviction. (*People v. Knippenberg* (1977), 66 Ill. 2d 276, 362 N.E.2d 681.) Consideration of all of the evidence adduced here at trial, including the testimony of three eyewitnesses to the shooting and the physical evidence introduced, must lead to the conclusion that the error complained of, if any, was harmless beyond a reasonable doubt. See *People v. Johnson* (1971), 2 Ill. App. 3d 965, 275 N.E.2d 649.

■■■ Finally, defendant contends that the trial court erred in entering convictions, with concurrent sentences, for murder and attempt murder. Defendant argues that the two offenses involved a single intent and were not independently motivated. He also cites *People v. Lilly* (1974), 56 Ill. 2d 493, 309 N.E.2d 1, in which the same act gave rise to convictions of two offenses. The court in *Lilly* held that since both of the charges had arisen from the same act there could be only one conviction of crime, and that the conviction of the lesser offense was therefore invalid. Analogously, defendant contends that only his conviction for the more serious offense of murder can be sustained. We disagree with this contention. The fate of defendant's initial argument that the offenses committed were not independently motivated has been decided by *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, in which the supreme court rejected the "independent motivation" test as a standard for determining whether multiple convictions and concurrent sentences are permitted. (66 Ill. 2d 551, 566, 363 N.E.2d 838, 844.) Further, the instant case is clearly distinguishable from *Lilly*, in that the convictions at issue here were based upon two separate acts committed against two different individuals. Indeed, the supreme court held in *King* that "when more than one offense arises from a series of incidental or closely related acts and the offenses are not, by definition, lesser included offenses, convictions with concurrent sentences can be entered." (66 Ill. 2d 551, 566, 363 N.E.2d 838, 845.) Although defendant's actions in the present case were closely related

in time, they did give rise to separate offenses. Therefore, following *King*, we hold that the trial court's entry of convictions with concurrent sentences was proper.

In accordance with the foregoing, the judgment of the circuit court is affirmed.

Affirmed.

SULLIVAN, P. J., and MEJDA, J., concur.