THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS WHITE, Defendant-Appellant.

Second District    No. 76-453

Opinion filed January 26, 1978.

Ralph Ruebner and Mark Schuster, both of State Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Kevin F. Bowen, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The defendant, Thomas White, was convicted of armed robbery following a jury trial and sentenced to a term of not less than four years nor more than four years and one day. He appeals, contending that he was not proven guilty beyond a reasonable doubt and, alternatively, that he did not receive a fair trial because of prejudicial remarks of the prosecutor.

The defendant was charged together with two other persons with the robbery at gun point of two desk clerks of the Holiday Inn in Itasca on December 30, 1974; the other two persons pleaded guilty to the charge. Only one of the two desk clerks, James Markey, was called as a witness. His testimony substantially supported the State's version of the robbery; more specifically, he identified the defendant as the robber who had come over the counter with a shotgun in his hand; he further testified that, after the robbery, the three robbers drove him and the other clerk to an interstate tollway where they were released unharmed. The witness also said that he had earlier identified the two other men.

On cross-examination Markey stated that before the occurrence he had assumed the men were looking for rooms and had no reason to look at them carefully. The record also shows that on several occasions he could not recall a good likeness of the robbers when questioned by the police. Also on cross-examination Markey admitted that there was "some doubt" that defendant was one of the men who committed the robbery. He also admitted that some five months after the robbery he viewed pictures shown to have included defendant but could not identify the defendant as one of the robbers. He did testify, however, that he identified defendant in a subsequent lineup.

One of the co-defendants who had pleaded guilty to the crime testified for the defendant. He essentially stated that he had committed the robbery at the Holiday Inn with two other men and that defendant was not one of those involved. Other witnesses testified for the defense to facts which, if believed by the jury, would have corroborated defendant's alibi.

■■ It has been often stated that the positive testimony of a single credible witness is sufficient to convict even if it is contradicted by the accused. (See, *e.g.*, *People v. Morehead*, 45 Ill. 2d 326, 329-30 (1970).) However, a conviction cannot be sustained if the identification of the accused is vague, doubtful or uncertain. (*People v. Cullotta*, 32 Ill. 2d 502, 504 (1965).) Where, apart from the consideration of the strength or weakness of the defendant's case, the insufficiency of the People's evidence creates a "serious" or "reasonable" doubt of defendant's guilt,

the conviction will be reversed. *People v. Coulson,* 13 Ill. 2d 290, 296 (1958).

■■ The State's case against the defendant rested solely on the testimony of the witness James Markey. Since that witness was doubtful of the identification and there was no corroborating evidence to connect defendant with the crime we conclude that the conviction must be reversed.

We are, of course, mindful that the reviewing court will not substitute its judgment for that of a finder of facts on questions involving the weight of the evidence or the credibility of the witnesses unless the evidence raises a reasonable doubt of guilt. (*People v. Jones,* 60 Ill. 2d 300, 307 (1975).) Here, in our view, the testimony of the eyewitness does raise a reasonable doubt of defendant's guilt. It may be that the jury was led to believe by the opening statement of the prosecutor that the defendant had been identified by both of the eyewitnesses who were on duty at the time. The prosecutor told the jury in his opening statement that he would prove the defendant guilty beyond a reasonable doubt by the testimony of both victims. Nevertheless the second desk clerk was not called nor was his absence explained. The jury may have relied upon the prosecutor's promise of proof but it had no right to do so. (See *People v. Rogers,* 42 Ill. App. 3d 499, 502-03 (1976).) The judgment is reversed.

Reversed.

NASH and BOYLE, JJ., concur.