THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CARL CAMPBELL, Defendant-Appellant.

First District (1st Division)   No. 76-1128

Opinion filed February 6, 1978.

James J. Doherty, Public Defender, of Chicago (Robert T. Badesch and Donald S. Honchell, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Linda Ann Miller, and William McC. Montgomery, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

After a bench trial, Carl Campbell (defendant), was convicted of aggravated battery (Ill. Rev. Stat. 1975, ch. 38, par. 12—4(a)), and attempt murder (Ill. Rev. Stat. 1975, ch. 38, par. 8—4), on both Clarence Jackson and Curlee Simmons. He was sentenced to concurrent terms of 4 years to 4 years and 1 day on each of the four charges. He has appealed.

As regards proof beyond a reasonable doubt, one of the victims, Jackson, testified that he had a fight with defendant on March 27, 1974. He saw defendant on the following day. There was another argument and Jackson also saw defendant arguing with other people including Simmons. Jackson left for a time and the argument continued as he returned. Defendant told Jackson he wanted to apologize for the previous fight but defendant suddenly drew a gun and shot Jackson.

Simmons testified regarding the initial fight between Jackson and defendant on March 27. This was a minor brawl in which other persons were involved. Simmons testified that on the next day he was present at an argument between defendant and Jackson. Defendant was around the corner when Simmons heard a gunshot. Several minutes later defendant shot Simmons from a distance of 2 to 6 feet. Another witness testified that he heard a shot and thereafter saw defendant shoot Simmons from a distance of about 2 feet.

Defendant's wife testified that there was no fight on March 27, but that she saw Simmons and Jackson beating her husband on the following day. She attempted to help her husband by wielding an empty bottle. She was not present at the shooting which occurred some 15 minutes later.

Defendant's mother testified that Simmons and Jackson were scuffling with defendant. Defendant's wife approached and was also beaten by Simmons. The mother also testified that she saw defendant run to the ground floor. A scuffle ensued between defendant, Jackson and Simmons. The mother then saw a gun fall to the ground. Defendant said he didn't want to shoot Simmons but he did. She saw the defendant shoot twice. The second shot struck Jackson from a short distance away. Defendant then ran away.

Defendant testified that the fight was started by Jackson who struck defendant and knocked his glasses to the ground. Simmons then joined Jackson in beating defendant. Defendant's wife tried to help him by striking Simmons with an empty bottle. Defendant had poor eyesight and could hardly see. As Simmons and Jackson were beating defendant, a gun fell from Simmons' pocket. Defendant then shot both Simmons and Jackson and fled. Defendant was arrested some 6 months later.

■■ Defendant's theory of self-defense presented an issue of fact. (*People v. Holtz* (1974), 19 Ill. App. 3d 781, 790, 313 N.E.2d 234, *appeal*

*denied* (1974), 56 Ill. 2d 589.) The burden rested upon the State to prove defendant's guilt beyond a reasonable doubt on that issue and on all other elements of the charge. Ill. Rev. Stat. 1975, ch. 38, pars. 3—2(b), 7—14; *People v. Williams* (1974), 57 Ill. 2d 239, 242, 311 N.E.2d 631, *cert. denied* (1974), 419 U.S. 1026, 42 L. Ed. 2d 302, 95 S. Ct. 506.

■■ In our opinion, the evidence amply supports the judgment of the trial court beyond a reasonable doubt and proves lack of self-defense by the same standard. In addition, defendant's flight from the scene of the shootings was evidence of his consciousness of guilt. (*People v. Harris* (1972), 52 Ill. 2d 558, 561, 288 N.E.2d 385.) The only issue here was one of credibility which it was the duty of the trial court to decide. The trier of fact was not required to accept defendant's version as true. (*People v. French* (1972), 3 Ill. App. 3d 884, 887, 279 N.E.2d 519.) We cannot substitute our judgment for that of the trier of fact. *People v. Akis* (1976), 63 Ill. 2d 296, 298-99, 347 N.E.2d 733.

■■ On cross-examination of defendant, the State's Attorney brought out that from the time of the crime to the date of his arrest, defendant never told police his story. A general objection by defense counsel was overruled. During closing argument the prosecutor mentioned the fact that defendant had run away and did not appear in court until he was arrested by the police some 7 months later. Defendant contends that this raises a constitutional issue. (See *People v. Monaghan* (1976), 40 Ill. App. 3d 322, 326, 352 N.E.2d 295.) We reject this argument. Initially, the general objection was not sufficient to preserve the point for review and any possible error is therefore waived. (See *People v. Queen* (1974), 56 Ill. 2d 560, 564, 310 N.E.2d 166; *People v. Lewis* (1977), 51 Ill. App. 3d 109, 115, 366 N.E.2d 446.) On the merits of the contention, three recent cases decided by this court hold that where no *Miranda* right is involved, no constitutional issue is raised. (*People v. Szabo* (1977), 55 Ill. App. 3d 866, 371 N.E.2d 117; *People v. Eubanks* (1977), 55 Ill. App. 3d 492, 371 N.E.2d 92 and *People v. Mendez* (1977), 53 Ill. App. 3d 1038, 369 N.E.2d 212.) The final argument by the prosecution was a proper comment on defendant's flight.

In this court the State agrees with defendant's contention that the convictions and sentences for aggravated battery, a lesser offense arising from the same conduct, should be vacated. (*People v. King* (1977), 66 Ill. 2d 551, 566, 363 N.E.2d 838.) We agree.

■■ Regarding the concurrent sentences on the two counts of attempt murder, each 4 years to 4 years and 1 day, defendant contends that the trial court was under the mistaken belief that the pertinent statute requires a minimum sentence of 4 years for attempt murder. (See Ill. Rev. Stat. 1975, ch. 38, par. 8—4(c).) The record does demonstrate that the trial court and counsel were, understandably, under the impression that the

minimum sentence for attempt murder was 4 years and that the sentence imposed was actually the legally permissible minimum. This point has been clarified by *People v. Moore* (1978), 69 Ill. 2d 520, 372 N.E.2d 666, which, in our opinion, requires reversal of the sentence and remandment for resentencing.

Accordingly the convictions for aggravated battery are both reversed and the sentences vacated. The convictions for attempt murder are both affirmed and the cause is remanded for resentencing on both of these convictions.

Reversed in part, affirmed in part and remanded for sentencing.

McGLOON and O'CONNOR, JJ., concur.