THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SONNY ELY, Defendant-Appellant.

First District (5th Division)    No. 79-1446

Opinion filed June 5, 1981.

Anthony J. Onesto and Joseph M. Giglio, both of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Richard Burke, and Robert J. Kaiser, Jr., Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Following a jury trial, the defendant, Sonny Ely, was found guilty of burglary and possession of burglary tools. The trial court imposed a three to nine year sentence of imprisonment, but this was only on the burglary charge. On appeal, defendant questions (1) whether the State's evidence is sufficient to prove him guilty beyond a reasonable doubt of either offense; (2) whether the prosecutor made improper comments during argument; and (3) whether the sentence was an abuse of the trial court's discretion. We affirm. The material facts follow.

Antoinette Sposta, age 79, was home alone when several men pulled up to the back of her house in a pickup truck. One of the men offered to do some cement work for her, but when she declined the offer, she was told that they would do the work anyway, and that they needed some water to mix the cement. She told them they could not enter her house, but said that she would fill their bucket with water. When she brought the bucket back out to the porch, one of the men said he had to go inside the house. This man walked all the way to the front of the house before he came back out. Mrs. Sposta testified that there was nothing she could do except wait for him to leave the house and take the bucket of water. She followed him into the backyard, but she did not lock the back door, call the police, or alert a nearby neighbor. Another one of the men called her over to the pickup truck and talked to her about fixing the pavement.

Off-duty Police Officer John Matranza testified he was driving to the store when he saw the defendant in a pickup truck that pulled into the alley behind Mrs. Sposta's house. He recognized the men in the truck and wrote down the license plate number. Upon returning from the store, he saw the defendant walking through the yard toward Mrs. Sposta's house while the two other men talked to her near the alley. Matranza went home, called for reinforcements, got his gun, badge, and handcuffs, and ran back to Mrs. Sposta's. He testified he was running toward the men near the truck when an unmarked police car pulled up. The officers received permission to enter the house, and they found dresser drawers pulled out in the bedrooms. In one of the bedrooms, Matranza discovered the defendant hiding in a closet. Defendant had a screwdriver in one pocket, $75 in another pocket, and more than $1,000 in a third pocket. The $75 consisted of five $10 bills, plus a $20 and $5 bill.

Mrs. Sposta testified that, after defendant's arrest, $75 was missing from the dresser drawers. The open dresser drawers had been closed that morning, and boxes which were usually at the top of the closet were on

the floor. The missing money consisted of five $10 bills, plus a $20 and a $5 bill.

One of the officers testified he asked the defendant what he was doing in the closet, and defendant said he was looking for a drink of water.

Defendant testified that Mrs. Sposta agreed to have cement work done, and she gave permission for him to enter the house to get water because she could not get it herself. As he was leaving the house on his second trip, defendant saw a man with a gun running toward the house, so he ran back inside and hid in a closet. Defendant denied that he opened any dresser drawers, went into another bedroom, or removed boxes from a shelf in a closet. In fact, according to defendant, before he was arrested by Matranza, he heard one of his pursuers opening dresser drawers. And, defendant said he told the other officer that he had been in the house getting some water, not getting a drink of water. Although he admitted having more than $1,000 in one pocket, defendant denied having $75 in any other pocket.

Based on this evidence, the jury returned verdicts of guilty.

At the sentencing hearing, two elderly witnesses testified about how their homes had been ransacked. The schemes used on these witnesses were substantially similar to the operation used on Mrs. Sposta, and defendant was identified as one of the participants in both of these other crimes. The loot from these other offenses amounted to more than $7,500.

On defendant's behalf, his attorney argued that probation was appropriate because (1) there was no use of violence or weapons; (2) only a small amount of money was taken; (3) defendant was the sole support of his family; and (4) his only prior offense was a misdemeanor.

The trial court stated that defendant was a predator who chose his victims because of their advanced age. To argue that there was no physical violence overlooked the emotional trauma inflicted upon his victims. And the only reason that defendant got a mere $75 was because $75 was all there was to take. If there had been $7,000 in the dresser drawer, then the defendant would have had $7,000 in his pocket.

The trial court concluded that there was a clear pattern of criminal conduct, and that a sentence of probation was inappropriate because it would deprecate the seriousness of the offense.

OPINION

Defendant contends that the prosecution's evidence is not sufficient to prove him guilty of burglary beyond a reasonable doubt. The element of the offense on which defendant claims the State's evidence is insufficient is whether he entered the complainant's house without authority.

(Ill. Rev. Stat. 1977, ch. 38, par. 19—1.) Defendant attacks Mrs. Sposta's testimony on the grounds that (1) if someone really did enter and walk through her house without permission, she would have called the police or alerted a neighbor (see *People v. King* (1973), 10 Ill. App. 3d 652, 295 N.E.2d 258); and (2) at trial Mrs. Sposta allegedly picked out defendant's cousin, not defendant, as the man who walked through the house without permission.

In addition, defendant argues that the prosecution's evidence is circumstantial and it does not exclude every reasonable hypothesis consistent with innocence.

We are not persuaded by these arguments. The testimony of one witness can be sufficient to sustain a conviction, even though it is contradicted by the defendant. (*People v. Clark* (1976), 39 Ill. App. 3d 237, 350 N.E.2d 87.) The jury is not obligated to believe the defendant's testimony. (*People v. Campbell* (1978), 57 Ill. App. 3d 456, 373 N.E.2d 506.) As an appellate tribunal, reviewing a cold record, we are authorized to reverse a criminal conviction, and disregard the jury's judgment on the credibility of the witnesses, only if the prosecution's evidence is so improbable or incredible that it raises a reasonable doubt about guilt. *People v. Clark.*

In the present case, the jury could have reasonably concluded that defendant chose to prey upon Mrs. Sposta because of her advanced age and the likelihood that she would be an easily distracted victim who would not realize that her home was being plundered. Defendant claimed he had authority to enter the house, but Mrs. Sposta testified that she told defendant and his colleagues that they could not enter. The jury heard the witnesses, and it concluded that defendant's testimony was not worthy of belief. We find that Mrs. Sposta's testimony was not unreasonable, improbable, or incredible, and there is no basis for overturning the jury's judgment that she told the truth.

Although the record is not clear on whom Mrs. Sposta pointed out in court as the man who walked through her house after she filled the bucket of water, we believe this is insignificant. It does not matter whether defendant was the man who initially walked through the house. Defendant concedes he was in the house, so the material question in this case is whether defendant had authority to enter the dwelling. The evidence was disputed, but the jury rejected the defendant's testimony, and, as we stated above, we find that the prosecution's evidence is sufficient to support this conclusion.

■■ We also reject the argument that the evidence does not exclude every reasonable hypothesis consistent with innocence. According to defendant, he merely ran back into the house to hide from a man with a gun. We find

that the totality of the evidence leads to the conclusion that the version of the facts offered by the defendant is not a reasonable hypothesis of innocence which would raise a reasonable doubt about his guilt.

■■ We need not consider whether the evidence is sufficient to support the jury's verdict on the charge of possession of burglary tools, because sentence was not imposed on that offense, and, thus, there is no appealable judgment. *People v. Lilly* (1974), 56 Ill. 2d 493, 309 N.E.2d 1.

On appeal, defendant contends that the prosecutor made improper comments in final argument. Because this issue was not raised in his written post-trial motion, we find that the issue has been waived. *People v. Edwards* (1978), 74 Ill. 2d 1, 383 N.E.2d 944.

■■ Finally, defendant argues that the trial court abused its discretion by imposing a sentence of three to nine years imprisonment rather than probation. In light of the testimony given at the sentencing hearing, we disagree. The fact that the evidence of aggravation outweighs the testimony submitted in mitigation does not mean that the trial court did not give proper consideration to the evidence presented by the defendant. Our conclusion is that the trial court gave proper consideration to defendant's rehabilitative potential and the other relevant sentencing factors. The trial court did not abuse its discretion in sentencing defendant. *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.

For the preceding reasons, the judgment of the circuit court is affirmed.

Affirmed.

SULLIVAN, P. J., and WILSON, J., concur.